GEORGE J. BARKER vs. E. B. LORING.

Suffolk.　November 15, 1900. — January 3, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

In an action on a promissory note brought by an indorsee against the maker, where the answer specially denied the genuineness of all the signatures, there was clear and uncontradicted evidence that the indorsement had been made, and the presiding judge, apparently assuming that the fact of indorsement had been conceded, instructed the jury that if the defendant made the note the plaintiff could recover. The defendant excepted to the instruction generally, without stating his objection. *Held*, that the defendant could not take the ground that the question, whether the note was indorsed to the plaintiff, was not left to the jury, as he did not call the attention of the presiding judge to this objection to his charge.

Where in an action on a promissory note the declaration claims costs of protest without expressly alleging that there was a protest, a defendant who has not objected to the form of the declaration cannot object to an instruction of the presiding judge that costs of protest may be recovered.

CONTRACT, on a promissory note for $100 dated July 25, 1896, made by the defendant, payable four months after date to the order of George A. Russell and by Russell indorsed to the plaintiff. The declaration alleged that the defendant owed the plaintiff " the amount of said note and interest, and costs of protest, $1.54." The answer specially denied the genuineness of all the signatures, including the indorsements. Writ dated August 22, 1898.

The case was tried in the Superior Court, before *Richardson*, J., who, against the defendant's objection, admitted in evidence the note itself, and the certificate of a notary public under his official seal of the protest of the note. The defendant excepted. The plaintiff was the only witness, and testified that he saw Russell indorse the note.

The judge instructed the jury in the words quoted in the opinion of the court.

The jury returned a verdict for the plaintiff for $180.24; and the defendant alleged exceptions.

*P. H. Hutchinson*, for the defendant.

*J. W. Keith & W. T. Way*, for the plaintiff.

KNOWLTON, J. This is an action by an indorsee against the maker of a promissory note. The jury were instructed as

follows: "If you find, — it seems to me, Mr. Foreman and gentlemen, this is all I need to say to you, very briefly, — if you find, upon this evidence, that this is Mr. Loring's note, that he signed it, then, so far as I can see, the plaintiff is entitled to recover this note and the interest after four months, at the rate of six per cent per annum, and the protest, costs of protest, which are $1.54." From the bill of exceptions we understand this to have been the whole charge. The defendant excepted to this instruction. He now contends that it was erroneous, because it failed to submit to the jury the question whether the note was indorsed to the plaintiff.

It is true that the answer filed in the Municipal Court, put in issue all questions raised by the averments of the declaration, and the burden was on the plaintiff to prove the indorsement of the note by the payee. On this point the plaintiff testified in detail to numerous conversations with the defendant after the maturity of the note, in which the defendant promised to pay him the note. He said that on the first of these occasions the defendant had another note which he endeavored to have the plaintiff take in renewal of this, and that the plaintiff then showed him this note, and told him he would not accept the other in renewal, because this had been protested, and held the indorser as well as the defendant. He also testified that he paid $100 for the note, and that he saw Russell, the indorser, sign his name upon it in indorsement of it. This testimony was uncontradicted, and the defendant introduced no evidence. It is true that the judge could not rule as matter of law that this part of the plaintiff's case was made out, for the question raised by the answer was one of fact for the jury. *Devine* v. *Murphy*, 168 Mass. 249. The charge was therefore inaccurate in failing to present to the jury one of the questions of fact raised by the pleadings, even if the fact was proved by testimony, in such detail and with such a manner that there could be no reasonable doubt of the truth of it.

The real question before us is whether the defendant presented this question of law to the court, and saved it in such a way as to entitle him to a new trial on the exception. The course of the trial was such that the judge manifestly took the indorsement of the note not only as a proved and undisputed,

but as a conceded fact. The defendant requested no instruction. He made no suggestion at the trial that he wished to present to the jury a question of this kind. Under our statute the signature of an indorser or maker of a note need not be proved unless specially denied. Pub. Sts. c. 167, § 21. Although there was in the answer a special denial of all signatures, there is nothing to indicate that this fact was brought to the attention of the judge in connection with the submission of the case to the jury. The exception was general to the whole charge, without pointing out the error relied on. It has often been decided that no advantage can be taken of such an exception, because it does not bring to the attention of the judge the alleged mistake, which may have been accidental, and which often would be corrected at once if pointed out. *Curry* v. *Porter*, 125 Mass. 94. *Rock* v. *Indian Orchard Mills*, 142 Mass. 522. *Hunting* v. *Downer*, 151 Mass. 275. *Commonwealth* v. *Meserve*, 154 Mass. 64, 75. Although this charge was very short, and in that respect there seems to be less reason than in some cases for the application of the rule, when we look more deeply for the reason of the rule, we find that this is peculiarly a case for the application of the rule. It must have been apparent to the counsel that the judge took the fully proved and undisputed fact as a conceded fact, and instructed the jury upon that assumption. Under these circumstances, if the defendant wished to have the plaintiff's statement treated as controverted, he should have made his wish known, and then the question undoubtedly would have been submitted to the jury. We are of opinion that this exception ought not to avail the defendant.

The exception to that part of the charge which authorized the allowance of the costs of protest is said to be founded on the failure to allege in the declaration that there was a protest. But the declaration contains a claim for costs of protest, and no question in regard to the form or sufficiency of the declaration was raised at the trial.

The note and the notarial certificate were rightly admitted in evidence. Pub. Sts. c. 77, § 22.

                                                *Exceptions overruled.*