ELLEN J. WYNN, Appellant, *v.* THE PROVIDENT LIFE AND TRUST COMPANY OF PHILADELPHIA, Respondent.

**Trial — question for jury.**

Where there is some evidence in favor of the plaintiff on each of the issues litigated, the questions of fact should be submitted to the jury, in the absence of a request from both parties for the direction of a verdict, or a request from one side and the acquiescence of the other.

*Wynn* v. *Provident Life & Trust Co. of Philadelphia,* 142 App. Div 913, reversed.

(Submitted October 10, 1912; decided October 29, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department,

entered December 5, 1910, affirming a judgment in favor of defendant entered upon a verdict directed by the court.

*John J. Linson* and *E. Metzger* for appellant.

*Amos Van Etten* for respondent.

*Per Curiam.* This is an action upon a policy of life insurance. It has been tried five times. The first trial resulted in a disagreement of the jury. Upon the second trial the plaintiff recovered a judgment which was reversed by the Appellate Division on an appeal therefrom and from an order denying a motion for a new trial. Although the decision did not state the grounds of this reversal, the opinion indicated that the Appellate Division deemed the verdict against the weight of evidence. Upon the third trial the jury disagreed. The plaintiff was again successful upon the fourth trial, and the Appellate Division again refused to uphold the judgment in her favor, this time expressly upon the ground that the verdict was against the weight of evidence. Upon the fifth trial, which is now brought up for review, the court directed a verdict for the defendant and the Appellate Division has affirmed the judgment thereon.

Upon every trial except the last it was considered that there was a conflict of evidence upon the issues which required the submission of the case to the jury. All the testimony upon the last trial was read by consent from the records of the previous trials. In our opinion it was not of such a character as to permit a withdrawal of the issues from the jury and the direction of a verdict. There was *some* evidence in favor of the plaintiff on each of the issues litigated; and this circumstance demanded a submission of the questions of fact to the jury in the absence of a request from both parties for the direction of a verdict, or a request from one side and the acquiescence of the other.

That the foregoing view of the condition of the evidence

is correct is confirmed by the language of the respondent's brief in which it is contended not that the alleged fraud on the part of the insured was indubitably established but only that "fraud was established by a fair *preponderance* of evidence."

Under these circumstances, this is not a case for the direction of a verdict. It will have to be submitted to a jury until a verdict is rendered which the Appellate Division can sanction as not against the weight of evidence.

The judgment should be reversed and new trial granted, with costs to abide the event.

CULLEN, Ch. J., VANN, WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur; HAIGHT, J., absent.

Judgment reversed, etc.