MARY T. McDONOUGH *vs.* METROPOLITAN LIFE INSURANCE
COMPANY. ·

Suffolk.    October 17, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Practice, Civil,* Ordering verdict. *Insurance,* Life.

In an action on a policy of life insurance, the defence relied upon was that the
insured falsely represented in his application for the policy that he never had
cancer or tumor and was then in good health, and that he never had been under
treatment in any hospital and last had been treated by a physician twenty-one
years before for measles, whereas an exploratory operation had been made upon
the insured at a hospital, which had been discontinued because the ether affected
him so badly, and there was testimony of the hospital surgeons that at that time
in their opinion there was undoubtedly a cancer or a cancerous growth, and they
expressed the opinion that at the date of the policy the insured had a cancerous
growth and was not then a healthy man.  This evidence was not contradicted.
One surgeon testified that he did not tell the insured what was the matter with
him.  He also testified that "The only positive way of determining the existence
of a malignant tumor is by a microscopic examination, that no such examination
was had in this case, and except for that it is purely a matter of opinion of the
different doctors based upon the symptoms they have before them."  It was not
conceded at the trial that the insured actually had cancer or a cancerous growth
at the time the policy was issued.  The judge ordered a verdict for the defendant.
*Held,* that, the burden being on the defendant to show that the misstatements
of the insured were made in bad faith or that their falsity increased the risk, the
question of fact whether the insured had cancer or a cancerous growth when he
made the application should have been submitted to the jury, because the jury
might not have believed the opinions expressed by the surgeons, although they
were uncontradicted.

In the same case it was *said* that, even if the presiding judge felt that the evidence
establishing the fact that the insured had the disease was so overwhelming that
a verdict disregarding it ought not to be permitted to stand, it was wrong to
order a verdict for the defendant.

CONTRACT on a policy of life insurance upon the life of James R.
McDonough, late of the part of Boston called South Boston, who
was the husband of the plaintiff, the beneficiary under the policy.
Writ dated June 28, 1915.

In the Superior Court the case was tried before *Brown,* J.  At
the close of the evidence, which is described in the opinion, the
judge ordered a verdict for the defendant and reported the case for
determination by this court.  If on the evidence properly admitted

or improperly excluded the ordering of the verdict was right, judgment was to be entered on that verdict. If the ordering of the verdict was wrong, judgment was to be entered for the plaintiff in the sum of $482.54 with interest from April 1, 1915.

*F. R. Mullin,* (*P. F. Spain* with him,) for the plaintiff.

*W. P. Kelley,* for the defendant.

RUGG, C. J. This is an action of contract brought by the beneficiary to recover the amount of a policy of insurance issued by the defendant upon the life of her husband. The plaintiff offered in evidence the policy of insurance and the proofs of death. There was testimony to the effect that the insured appeared to be a healthy man on March 3, 1915, the date of the policy; that, being in some pain, in the previous November he went to the Carney Hospital, where an operation was performed; that a mistaken diagnosis of his case then was made; "that they cut the man open and sewed him right up again;" that "he took the ether badly, and they stopped the operation and allowed him to come out of the ether;" and that on his return from the hospital he said that there "they had operated on him and they couldn't find anything the matter with him."

The plaintiff on this evidence made out a *prima facie* case and was entitled to go to the jury if nothing more appeared.

There was evidence introduced by the defendant from the hospital surgeons to the effect that the insured came to the hospital in November, 1914, and an exploratory operation was performed on him; that the ether affected him so badly that they had to stop, and that at that time in their opinion there was undoubtedly a cancer, a cancerous growth, or a cancerous tumor on the caecum; that on March 24, 1915, a second operation was performed and the tumor was found to have increased in size; on account of its condition, no attempt was made to remove it, but another operation, a suture of the intestine, was performed and he died four days later; and that in their opinion he had a cancerous growth on the date of the policy and was not then a sound, healthy man. There was also testimony from one of these surgeons that "he never told the insured what the matter was with him after the November operation; that the man had symptoms that indicated the existence of other things rather than a malignant tumor of the intestines; that a man might have chronic inflammation down there and live

indefinitely, and that a chronic inflammation would produce many of the symptoms that were found in this case. . . . The only positive way of determining the existence of a malignant tumor is by a microscopic examination, but that no such examination was had in this case, and except for that it is purely a matter of opinion of the different doctors based upon the symptoms that they have before them." In his application for this policy, dated February 28, 1915, the insured stated, "I have never had . . . cancer or other tumor. . . . I am now in good health. . . . I have never been under treatment in any . . . hospital," and that he had last been treated by a physician twenty-one years before for measles. It was a term of the policy that "All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties."

It is provided by St. 1907, c. 576, § 21, that "No oral or written misrepresentation or warranty made in the negotiation of a contract or policy of insurance by the assured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive or unless the matter misrepresented or made a warranty increased the risk of loss."

It is not enough under this statute to prevent recovery that there have been misrepresentations. It must also appear that either they were made with intent to deceive or that the falsities in them increased the risk of loss. That is an affirmative defense. The burden of proving that defense and thereby defeating recovery on the policy rests on the defendant. *Barker* v. *Metropolitan Life Ins. Co.* 198 Mass. 375. *Collins* v. *Casualty Co. of America,* 224 Mass. 327, 331. It is rarely that it can be ruled as matter of law that the burden of proof has been sustained. This is especially true when the attempt to sustain that burden rests upon oral testimony introduced by the party upon whom the burden rests, and upon inferences from circumstances. *Brusseau* v. *New York, New Haven, & Hartford Railroad,* 187 Mass. 84. *Kelsall* v. *New York, New Haven, & Hartford Railroad,* 196 Mass. 554, 556. *LaFond* v. *Boston & Maine Railroad,* 208 Mass. 451, 456. *Worcester Color Co.* v. *Henry Wood's Sons Co.* 209 Mass. 105, 110. *Wood* v. *Blanchard,* 212 Mass. 53, 56. *Leary* v. *William G. Webber Co.* 210 Mass. 68, 74. *Phillips* v. *Eldridge,* 221 Mass. 103, 104.

Although there are exceptions to this general rule, (see for example *Debbins* v. *Old Colony Railroad,* 154 Mass. 402; *Emery* v. *Boston & Maine Railroad,* 173 Mass. 136; *Wakefield* v. *American Surety Co.* 209 Mass. 173, 176; *International Text Book Co.* v. *Martin,* 221 Mass. 1, 8; *Fall River* v. *Aetna Ins. Co.* 219 Mass. 454, 457; *Kerrigan* v. *Commercial Brewing Co.* 216 Mass. 306; *Dean* v. *Boston Elevated Railway,* 217 Mass. 495, 498,) the case at bar is not one of them. It falls within the general rule. It may be taken on this record to have been not open to doubt that the insured had been at a hospital and had been attended by a physician, and that the statements in his application to the contrary were not true. But it is not certain as matter of law that these misstatements were made by him in bad faith or that necessarily they increased the risk, and if neither of these facts were proved, recovery was not necessarily defeated. Whether they, or either of them, were proved or not on all the evidence was a question of fact.

If the opinions expressed in the testimony of the hospital surgeons were accepted as true, manifestly the risk of loss was increased materially by misrepresentations made by the insured in his application. If it had been conceded that these opinions were in accordance with the facts, or if the trial had proceeded on the basis that they were correct, then it could rightly have been ruled that the defense had been made out. Cancer or cancerous growth or cancerous tumor is a disease of such gravity that it is at present commonly recognized as having a tendency to shorten the life of one suffering from it. *Rainger* v. *Boston Mutual Life Association,* 167 Mass. 109. *Brown* v. *Greenfield Life Association,* 172 Mass. 498, 503. *Kidder* v. *United Order of the Golden Cross,* 192 Mass. 326, 334. But it does not appear that the trial proceeded upon the footing that the insured actually had that disease at the time the policy was issued. That was not conceded. Whether he did or not, therefore, was a question of fact, and ought to have been submitted to the jury. On the record the evidence appears to be strong that he had that disease. The single circumstance that it was uncontradicted is not enough to compel belief in its accuracy. Still the jury may have discredited the opinions expressed by the surgeons. *Lindenbaum* v. *New York, New Haven, & Hartford Railroad,* 197 Mass. 314, 323. In this respect the case is distinguishable from *Holden* v. *Metropolitan Life Ins. Co.* 188 Mass.

213, where evidence was necessarily taken as true or conceded. Even though the presiding judge may have felt that the evidence establishing the fact that the insured had the disease was so overwhelming that a verdict disregarding it ought not to be permitted to stand, still it was his duty to submit this question of fact to the jury. *Lee* v. *Prudential Life Ins. Co.* 203 Mass. 299, 301. *Niland* v. *Boston Elevated Railway,* 208 Mass. 476. *Wynn* v. *Provident Life & Trust Co.* 206 N. Y. 701.

It follows that the ruling directing a verdict for the defendant was wrong. In accordance with the terms of the report, judgment is to be entered for the plaintiff in the sum of $482.54, with interest from April 1, 1915.

*So ordered.*