REARDON IMPORTING COMPANY *vs.* SECURITY TRUST
COMPANY.

Suffolk.    March 5, 6, 1945. — June 1, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Evidence,* Presumptions and burden of proof. *Practice, Civil,* Ordering
verdict. *Corporation,* Checks, Officers and agents. *Agency,* Scope of
authority or employment. *Bills and Notes,* Holder in due course.
*Notice.*

A creditor of the treasurer of a corporation, when offered by the debtor,
to satisfy the debt, a check of the corporation signed by the treasurer
and payable to him, the creditor, was put on inquiry as to the officer's
authority so to use its money.

Uncontradicted evidence, that the treasurer of a corporation had given
to his personal creditor in satisfaction of his debt a check of the cor-
poration signed by him as treasurer and payable to the creditor, was
prima facie proof, in an action by the corporation against the creditor
to recover the sum so received by him, of a misappropriation of the
corporation's money and, although the defendant introduced uncon-
tradicted testimony, not binding on the plaintiff, which, if believed,
would have met the prima facie proof, it was error to order a verdict
for the defendant.

CONTRACT OR TORT.    Writ in the Superior Court dated
July 25, 1942.

The case was tried before *Walsh,* J.

*M. Michelson,* for the plaintiff.

*E. J. Garity,* for the defendant.

SPALDING, J.    In this action of contract or tort the
plaintiff, acting by its receiver, seeks to recover money
deposited to its account with the defendant which, it is
alleged, the defendant wrongfully permitted the plaintiff's
treasurer to withdraw for the purpose of paying his per-
sonal indebtedness to the defendant.    At the close of the
evidence the judge directed a verdict for the defendant, and
the correctness of this decision is the only question before
us.

The plaintiff introduced evidence that on January 30,
1936, one Reardon, prior to the incorporation of the plain-

tiff, became indebted to the defendant in the sum of $2,000, evidenced by his promissory note in that amount.  After the incorporation of the plaintiff, Reardon, who had become its treasurer, paid to the defendant $1,500 of this indebtedness by means of three checks drawn on the plaintiff's account with the defendant.  The checks were payable to the defendant and were signed by Reardon as treasurer of the plaintiff.

After the introduction of the foregoing evidence, the plaintiff rested.  The defendant then called Reardon, who testified in substance that he had done business with it since 1910;  that in 1933 he started a wholesale liquor business in Lynn under the name of Reardon Importing Company (hereinafter called the company), of which he was the proprietor, and that an account in the name of the company was opened with the defendant; that in January, 1936, he became indebted to the defendant in the amount of $2,000 and gave to it a promissory note for this amount which he signed as proprietor of the company;  that in April $500 was paid on account of the note;  that on June 22, 1936, the plaintiff corporation [1] was formed for the purpose of carrying on the liquor business which had previously been conducted by the company;  and that all the assets of the company, including accounts receivable of about $40,000, were turned over to the plaintiff.  Reardon further testified that immediately following the incorporation of the plaintiff he transferred the balance ($2,001.12) in the company's account to an account opened with the defendant in the name of the plaintiff;  that it was agreed with the defendant that thereafter it would look to the plaintiff for the payment of the balance of $1,500 then due on the company's note and he (Reardon) would be relieved from further liability with respect to it;  and that thereafter in pursuance of this agreement he paid off the indebtedness by three checks in the amount of $500 each drawn on the plaintiff's account with the defendant.  Reardon testified

---

[1] The plaintiff ceased doing business on December 31, 1938, and a receiver was appointed on March 7, 1941.

that he was president and treasurer of the plaintiff and owned a majority of its stock; that he, his mother, sister and a Miss Austin were the directors; that there was no vote of either the stockholders or the directors of the plaintiff authorizing it to assume his personal obligations, but that throughout the period that the plaintiff carried on its business he met weekly with his mother and sister and informed them of the arrangement that he had made with the defendant with respect to the payment of the note and of the bills that he was paying; and that "they raised no question . . . of the . . . [plaintiff's] authority to pay the . . . [defendant] as it had, or his authority to deal with the . . . [defendant] as he had."

It is not disputed that the defendant accepted checks of the plaintiff in payment of a personal obligation of Reardon. This was enough to constitute a prima facie case. It is established law that, where an officer of a corporation pays his private debt with a check drawn on the account of the corporation, the creditor is put on inquiry as to the officer's authority so to do. *Proctor* v. *Norris*, 285 Mass. 161, 164. *Childs, Jeffries & Co. Inc.* v. *Bright*, 283 Mass. 283, 294. *Johnson & Kettell Co.* v. *Longley Luncheon Co.* 207 Mass. 52, 56. *Newburyport* v. *Fidelity Mutual Life Ins. Co.* 197 Mass. 596, 602, 603. Am. Law Inst. Restatement: Agency, § 314. Scott on Trusts, § 297.6. See cases collected in note, 148 Am. L. R. 947, 952. Compare *Fillebrown* v. *Hayward*, 190 Mass. 472; *Eastern Mutual Ins. Co.* v. *Atlantic National Bank*, 260 Mass. 485, 489. In the *Johnson & Kettell Co.* case, at page 56, it was said, "Where the corporation note or other negotiable instrument is payable to the creditor of the individual, the transaction which on the face of the . . . instrument is represented to have taken place is an appropriation of the corporation's money to the payment of the individual's debts and is bad unless shown to be good." In other words the transaction is prima facie unlawful. *Newburyport* v. *Fidelity Mutual Life Ins. Co.* 197 Mass. 596, 603. *Wilson* v. *Metropolitan Elevated Railway*, 120 N. Y. 145, 150. Scott on Trusts, § 297.6. In the case at bar the defendant is charged with notice of a

possible want of authority on the part of Reardon and cannot retain the proceeds of the checks without showing that their execution was authorized by the plaintiff. *Newburyport* v. *Fidelity Mutual Life Ins. Co.* 197 Mass. 596, 603.

We assume that, if the evidence introduced by the defendant were believed, it would constitute a defence to the plaintiff's case. But the truth and the weight of the explanation offered by the defendant tending to meet the plaintiff's case were for the jury. "It is rarely that it can be ruled as matter of law . . . that a prima facie case has been overcome." *Thomes* v. *Meyer Store Inc.* 268 Mass. 587, 589. This is especially true where, as here, the evidence relied on by the defendant is oral. See *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452; *O'Brien* v. *Harvard Restaurant & Liquor Co. Inc.* 310 Mass. 491, 493. A verdict will not be directed for a party unless the evidence when construed most favorably to the opposite party would not warrant a contrary verdict, or unless evidence by which such opposite party is bound would make impossible a verdict in his favor. *Salem Trust Co.* v. *Deery*, 289 Mass. 431, 433, and cases cited. The jury were not obliged to believe Reardon's testimony even though it was uncontradicted. *Lindenbaum* v. *New York, New Haven & Hartford Railroad*, 197 Mass. 314, 323. *Eddy* v. *Johnston*, 250 Mass. 299, 301. *Perry* v. *Hanover*, 314 Mass. 167, 170. They could have disbelieved it in whole or in part. *Lydon* v. *Boston Elevated Railway*, 309 Mass. 205, 206. Thus they could have disbelieved that part of his testimony tending to prove that the payments in question were authorized. The case should have been submitted to the jury, and the plaintiff's exception to the direction of a verdict for the defendant must be sustained.

*So ordered.*