JACOB'S PILLOW DANCE FESTIVAL, INC. *vs.* ASSESSORS OF BECKET.

Berkshire. September 17, 1946. — October 30, 1946.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Charity. Taxation, Real estate tax: exemption. Dancing School.*

Even if a corporation conducting a school for dancing and dance festivals might operate as a public charity within its corporate purposes and by-laws, its real estate was not exempt from taxation under G. L. (Ter. Ed.) c. 59, § 5, Third, where it failed to sustain the burden of proving that in fact it did so operate.

APPEAL from a decision by the Appellate Tax Board.

*F. M. Myers*, for the taxpayer.

*M. L. Eisner*, for the assessors of Becket.

QUA, J. This is an appeal under G. L. (Ter. Ed.) c. 58A, § 13, as amended, from a decision of the Appellate Tax Board denying an abatement of local taxes assessed against the appellant for the year 1944 on real and personal property.

The board found these facts: The appellant was incorporated under the laws of this Commonwealth "to establish, conduct and maintain a school at which those showing talent in dancing may obtain a complete and well-rounded dance education at cost . . . to set up, produce and con-

duct for the purpose of raising funds to support said school, annual dance festivals and to furnish and provide a dance center for the giving of such festivals and generally, through the training of students and the giving of performances by dance artists, to spread information and encourage participation in the art of dancing." The by-laws contained a provision to the effect that upon dissolution of the corporation all its assets should be distributed to public charities operating in Massachusetts. The real estate (which, we may interpolate, accounted for by far the larger part of the total assessment) consisted of two hundred twenty acres of land and buildings. A barn has been turned into a "studio" seating three hundred people. There are also a theater, seating five hundred, a "dwelling," a "main house," a "cottage," two dance halls, a kitchen and dining room, a cook house, two bungalows, an office building and other structures. The school is conducted during the summer, usually from about May 15 to September 15. During the season of 1944 there were few men students, due to the war. About sixteen or seventeen men took the course in dancing. Concerts were given in which women students participated. Two public performances a week were given at which admission fees were charged. The instruction was confined largely to dancing and choreography. Most of the students paid for their board and tuition. Others did not fully pay, but there was no evidence of the number who benefited from this privilege. Financial reports showed a substantial loss in 1943 and a net income of $395.41 in 1944. There were contributions by individuals interested in the institution and its work.

The evidence is not reported. The board finds, however, that there was little evidence as to the activities of the institution and that no officer of the corporation was present to testify, and no member of the faculty appeared to give evidence as to the type of instruction given. The board rules that the burden of proof is upon the party claiming exemption "to show clearly and unequivocally that he comes within the terms of the exemption," citing *Redemptorist Fathers* v. *Boston,* 129 Mass. 178, 180, and other

cases. It finds that in its opinion the appellant has not sustained the burden of proof, and it finds that "the institution was conducted as a private enterprise and not as a public charity."

We interpret the decision of the board not as based upon any ruling that an institution for the teaching and advancement of the art of dancing could never be an educational institution and exempt as a public charity, but as based simply upon a finding that in this instance the appellant had failed to sustain the burden of proving to the board's satisfaction that it was a public charity operating without profit to its members or stockholders and for the benefit of the public at large or of some part thereof or of an indefinite class of persons. It must meet these requirements in order to qualify for exemption under G. L. (Ter. Ed.) c. 59, § 5, Third. *Boston Symphony Orchestra, Inc.* v. *Assessors of Boston,* 294 Mass. 248, 254–255. *Assessors of Boston.* v. *Garland School of Home Making,* 296 Mass. 378, 387–388. *Boston Chamber of Commerce* v. *Assessors of Boston,* 315 Mass. 712, 719. The necessity that an alleged charity. fall. clearly and unequivocally within the exempt class has been repeatedly stressed in our decisions. Some of the cases are collected in the case last above cited at page 716. We cannot treat the failure of the board to be convinced as error of law.

There is nothing in the specific findings of the board inconsistent with its ultimate conclusion. Even if the purposes for which the appellant was incorporated and its by-laws would permit it to operate as a public charity, that fact alone is not decisive. It must prove that it is in fact so conducted that in actual operation it is a public charity. *Little* v. *Newburyport,* 210 Mass. 414, 415. *Assessors of Boston* v. *Garland School of Home Making,* 296 Mass. 378, 384. *Assessors of Boston* v. *Boston Pilots' Relief Society,* 311 Mass. 232, 236–237. *Hairenik Association, Inc.* v. *Boston,* 313 Mass. 274, 278–279. *Assessors of Boston* v. *Lamson,* 316 Mass. 166, 172. *Assessors of Boston* v. *World Wide Broadcasting Foundation of Massachusetts, Inc.* 317 Mass. 598, 603.

There was no error in denying the appellant's first request for ruling that "The purposes of the petitioner corporation bring the petitioner within the exemption defined in" the statute.  This request, even if we assume that the word "purposes" refers only to the purposes set forth in the petitioner's corporate charter and does not include the actual purposes for which the petitioner's activities are conducted, has become immaterial in view of the board's finding (made for lack, in its opinion, of sufficient evidence to the contrary) that "the institution was conducted as a private enterprise and not as a public charity."  *Perry* v. *Hanover*, 314 Mass. 167, 173–176.  *Liberatore* v. *Framingham*, 315 Mass. 538, 541.  The appellant's second request that the education of the public in the art of dancing "constitutes engaging in a benevolent or charitable work" clearly could not be granted, for it would exempt from taxation every so called "dancing academy" conducted for profit.  The appellant's third request that "The activities of the corporation are carried on in order to accomplish the corporation's purposes" was a request for a finding of fact which, as already indicated, the board was not required to make.

The assessors have suggested that since many of the blanks in the form of application for abatement addressed to them were not filled out, the application was not "on a form approved by the commissioner" of corporations and taxation as required by G. L. (Ter. Ed.) c. 59, § 59, as amended.  *Assessors of Boston* v. *Suffolk Law School*, 295 Mass. 489.  The application was in fact upon a printed form which on its face purports to have been approved by the commissioner, but many questions on the form, particularly such as relate to the title to the property and to its value, were not answered.  See *Assessors of Brookline* v. *Prudential Ins. Co.* 310 Mass. 300.  In addition to this, a serious question exists as to whether the application contains any "sufficient description" of the real estate in question as required by G. L. (Ter. Ed.) c. 59, § 61, as amended.  See § 64, as amended; § 65, as amended.  *Assessors of Brookline* v. *Prudential Ins. Co.* 310 Mass. 300, 313.

But since the result would be the same in any event, we have preferred to confine our discussion to the merits of the case.

*Petition for abatement dismissed.*