THE FISHER SCHOOL *vs.* ASSESSORS OF BOSTON
(and two companion cases between the same parties).

Suffolk. December 6, 1949. — March 30, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Taxation*, Real estate tax: exemption; Appellate Tax Board: findings, question of law or fact. *Charity*. *Corporation*, Charitable corporation.

Requests presented to the Appellate Tax Board by a corporation, for rulings that on all the evidence it was entitled to exemption from the real estate tax under G. L. (Ter. Ed.) c. 59, § 5, Third, and that it had sustained the burden of proving that it was entitled to exemption, raised before the board, and before this court on appeal, the question of law, whether the evidence warranted a decision by the board that the corporation was not entitled to exemption.

The mere facts, that the certificate of incorporation of a corporation seeking before the Appellate Tax Board exemption from a tax on its real estate under G. L. (Ter. Ed.) c. 59, § 5, Third, set forth charitable purposes, that all of the evidence, mainly oral, before the board was furnished by the corporation and that none of it was contradicted, did not entitle the corporation to a ruling by the board that on all the evidence the corporation had sustained the burden of proving its right to the exemption.

In determining whether an appellant corporation, whose purposes as stated in its certificate of incorporation were charitable, was actually so conducted that it was a public charity entitled to exemption from a tax on its real estate under G. L. (Ter. Ed.) c. 59, § 5, Third, it was error for the Appellate Tax Board to consider as casting doubt upon its charitable aspect its failure "to explain satisfactorily the financial transactions" between it and a predecessor corporation "at the time of the transition from" the predecessor; a decision by the board that

the appellant corporation had failed to show that it was entitled to an exemption was therefore reversed and the case was remanded so that rights of the parties might be considered without reference to such transactions.

In determining whether a corporation, unquestionably incorporated for charitable purposes, was actually so conducted that it was entitled to exemption from taxation of its real estate under G. L. (Ter. Ed.) c. 59, § 5, Third, the Appellate Tax Board might rightly consider evidence that five members of one family appeared on the corporation's payroll and that their salaries constituted a substantial portion thereof, and whether their salaries were reasonable and were paid for services actually rendered, or were merely a cloak to cover a distribution of profits.

APPEALS from decisions by the Appellate Tax Board.

*J. S. Mechem & A. H. W. Higgins,* for the taxpayer.

*D. J. O'Connell, Jr.,* Assistant Corporation Counsel, for the assessors of Boston.

SPALDING, J. These are three appeals from decisions of the Appellate Tax Board sustaining the refusal of the assessors to abate taxes for the years 1945, 1946, and 1947 on real estate owned by the appellant. The cases also come here on exceptions arising out of the denial by a single justice of the appellant's motion to amend its claims of appeal.

The Appellate Tax Board made findings of fact. The record contains a transcript of all of the testimony before the board. The findings of the board, which were the same in each case, may be summarized as follows: The appellant was incorporated on June 9, 1944, under G. L. (Ter. Ed.) c. 180, as amended. It was not authorized to issue any capital stock. The purposes, as set forth in its certificate of incorporation, were as follows: "To establish, maintain and conduct a school or schools for instruction in the liberal arts, and in scientific, technical and commercial subjects; to establish, maintain and administer scholarship, alumni, endowments, and other funds in order to assist worthy students to obtain the educational advantages offered by the corporation and generally in order to further and maintain on a high level the educational facilities offered by the corporation; and in connection therewith to do any and all other things permitted from time to time under the pro-

visions of chapter one hundred eighty of the General Laws."[1] One of the reasons for the formation of the appellant corporation was to enable it to apply to the Massachusetts board of collegiate authority for recognition as a junior college. The by-laws of the appellant provided that "All property acquired by gift, bequest, loan or otherwise, including all income and profits, shall be devoted to furthering the purposes of the corporation, and the corporation shall not function in any way for the purpose of making a profit for its members."

The Fisher Business School, the predecessor of the appellant, operated as a partnership until 1936 at which time it became a corporation. On August 31, 1944, that corporation transferred its real estate and personal property to the appellant. Included in the real estate conveyed was the parcel involved in this controversy, which consisted of six thousand square feet of land and a four and one half story building on Beacon Street, Boston. The building contained classrooms, lecture halls, laboratories, offices, and a cafeteria for students.

Approximately two hundred eighty students attended the school. The instruction included executive, secretarial and business courses and provided special training for those desiring to become assistants to doctors and dentists. The tuition for the year 1945 was $342 and was $360 for the years 1946 and 1947. Six scholarship funds have been established for deserving students, two by the appellant, and four by organizations and individuals interested in the school. The appellant also maintained a placement service for the benefit of its graduates and at no cost to them. Teachers in the school were given an opportunity, at the expense of the appellant, to attend courses in nearby colleges and universities.

Slightly less than one half of the annual gross income of the appellant was devoted to payroll expense. Three of the

[1] In 1947 the charter was amended by limiting the number of schools to a single school and by adding to its purposes the granting of a "degree of Associate in Sciences."

seven incorporators were members of the Fisher family.
All three were members of the board of trustees. Two of
these three were officers of the appellant, one being president
and the other treasurer. The board of trustees established
the salary of the president and he in turn established
"all other salaries for the members and faculty of the
school." Five members of the Fisher family received salaries
from the appellant during the period here material.[1]
In the years 1946 and 1947 the appellant realized a profit
which was "put back into the plant, [for] furniture, fixtures
. . . scholarships for deserving students and other expenses
of the school."

The president travelled considerably, at the expense of
the appellant, throughout New England, giving lectures and
conducting tests in high schools. "The purpose of these
tours is educational and is intended to add prestige to the
. . . school." Several members of the Fisher family have
at various times lent money to the appellant. At other
times they have borrowed money from the appellant. No
interest was charged and no security was required with
respect to these transactions.

After finding the foregoing facts, the board concluded
that "no material change in the management or business
[of the school] resulted from the incorporation of the
appellant in 1944 . . . that the appellant . . . was conducted
as a private enterprise and not as a public charity,"
and that it had failed to show that it was entitled to an
exemption.[2]

---

[1] These salaries amounted to approximately thirty-nine per cent of the
payroll expense in 1945, thirty-six per cent in 1946, and twenty-nine per cent
in 1947.

[2] Other conclusions of the board included the following: "The appellant,
although conducting an educational institution having certain charitable
aspects, is primarily an institution operated for the benefit of a single family
group. The work accomplished by the appellant institution instead of being dominantly
educational, is carried on for the pecuniary benefit of the one family which is
the controlling factor in the management and operation of the appellant
school. The fact that the members of a single family group receive considerable
financial return from the appellant institution, coupled with the
further fact that any charitable work of the appellant is secondary to the
financial enhancement of individual members of the organization, casts doubt
on whether the appellant primarily is using the property for charitable or
benevolent purposes."

The principal contention of the appellant is that on the evidence presented to the board it was not warranted in reaching the conclusion that it did. This question was raised before the board by various requests for rulings. In one group of requests (one for each of the three years) the board was asked to rule that on all the evidence the appellant was entitled to the exemption claimed. In other requests the board was asked to rule that the appellant had sustained the burden of proving that it was a corporation of the class specified in G. L. (Ter. Ed.) c. 59, § 5, Third, and that its real estate was owned and occupied for the purposes for which the appellant was incorporated. These requests were denied.

Since the board's decision is "final as to findings of fact," it must stand unless vitiated by error of law in an issue of law raised before the board. G. L. (Ter. Ed.) c. 58A, § 13, as amended. *Assessors of Springfield* v. *Commissioner of Corporations & Taxation*, 321 Mass. 186, 190, and cases cited. But it is open to the appellant to contend that the decision of the board was not warranted on the evidence. That would be a question of law and it was appropriately raised before the board. *Choate* v. *Assessors of Boston*, 304 Mass. 298, 300. *Assessors of Lancaster* v. *Perkins School*, 323 Mass. 418, 419. The purposes set forth in the appellant's certificate of incorporation, as the appellee concedes, are unquestionably such as would permit it to qualify as a public charity under G. L. (Ter. Ed.) c. 59, § 5, Third. *Assessors of Boston* v. *Garland School of Home Making*, 296 Mass. 378. But to obtain an exemption it is not enough for a corporation to show merely that the purposes for which it was incorporated were charitable. It must also "prove that it is in fact so conducted that in actual operation it is a public charity." *Jacob's Pillow Dance Festival, Inc.* v. *Assessors of Becket*, 320 Mass. 311, 313, and cases cited. *American Institute for Economic Research* v. *Assessors of Great Barrington*, 324 Mass. 509, 512. Apparently it was on this issue that the proof furnished by the appellant failed to convince the board. It is

true that all of the evidence before the board was furnished by the appellant and none of it was contradicted. But "the burden of proof is upon the one claiming an exemption from taxation to show clearly and unequivocally that he comes within the terms of the exemption." *Boston Symphony Orchestra, Inc.* v. *Assessors of Boston*, 294 Mass. 248, 257. *Jacob's Pillow Dance Festival, Inc.* v. *Assessors of Becket*, 320 Mass. 311, 313. It rarely can be ruled as matter of law that the burden of proof has been sustained. This is especially true where, as here, the proof furnished by the party on whom the burden rests is mainly oral. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452. *Reardon Importing Co.* v. *Security Trust Co.* 318 Mass. 304, 307. *American Institute for Economic Research* v. *Assessors of Great Barrington*, 324 Mass. 509, 514. Even though the appellant's evidence was not contradicted, its credibility and weight and the inferences to be drawn from it were matters to be determined by the board. *Reardon Importing Co.* v. *Security Trust Co.* 318 Mass. 304, 307. *Godfrey* v. *Caswell*, 321 Mass. 161, 162. We cannot say, therefore, that the board erred in denying the appellant's requests for rulings that as matter of law it was entitled to prevail on all of the evidence.

We are of opinion, however, that the board's decision was erroneous in that it was rested to some extent, at least, on a finding which was of no materiality. We refer to the following: "In the opinion of the board, the failure of the appellant to explain satisfactorily the financial transactions of the appellant and of its predecessor at the time of the transition from the Fisher Business School to the appellant likewise casts doubt upon the charitable aspect of the appellant corporation." It is difficult to understand why this finding was made in view of the board's ruling on the appellant's twenty-sixth request. That request, which was rightly granted, reads as follows: "In determining whether or not appellant is entitled to exemption under G. L. (Ter. Ed.) c. 59, § 5, Third, it is immaterial whether or not all or any part of the assets of the appellant's predecessor, Fisher

Business School, were turned over to the appellant." It is true that some of the entries in the books of the old corporation at the close of business did not conform in all respects with the entries in the books of the appellant at the time it commenced business, but that was of no consequence. The appellant could start business with such assets as it saw fit. The old corporation was under no obligation to turn any particular amount of property over to the appellant. The only question to be determined by the board was whether the assets originally turned over to the appellant, irrespective of amount, and those subsequently acquired by it were devoted to charitable purposes. It is impossible to say on this record whether the board's decision would have been the same if the finding just discussed had not been made. The inconsistency between the ruling and the finding was appropriately challenged before the board. The cases therefore must be remanded to the board so that the rights of the parties will be considered without reference to that finding.

Since the cases are to be reconsidered by the board, it may not be inappropriate to make a few observations concerning other portions of the decision. The appellant earnestly contends that the board in its decision attached undue importance to the fact that five members of the Fisher family were carried on the appellant's payroll. There is language in the decision which indicates that the board was influenced to a considerable extent by this evidence. Of course, the fact that several members of a family are employed by a corporation would not, without more, render it ineligible for an exemption, if in other respects it was entitled to one. But where, as in this instance, the appellant is seeking an exemption as a charity, the fact that several members of a family appear on its payroll, with the other evidence, is not without relevance. Whether their salaries were reasonable and were paid for services actually rendered, or whether they were merely a cloak to conceal the distribution of profits, was a matter the board could consider in deciding the question before it. The weight to be given to this evi-

dence and the inferences to be drawn from it were for the board to determine in the light of all the evidence.

The conclusion reached makes it unnecessary to consider the appellant's bill of exceptions. Nor need we consider the specifications of error arising out of the board's refusal to grant various requests for findings of fact. Such specifications bring before us no questions of law and have no standing. *Assessors of Boston* v. *Lamson*, 316 Mass. 166, 168. *Assessors of Lawrence* v. *Arlington Mills*, 320 Mass. 272, 274–275.

The action of the Appellate Tax Board denying an abatement in each case is reversed, and the cases are to stand for further hearing before the board in conformity with this opinion. The exceptions are dismissed.

*So ordered.*