*Municipal Court of the City of Boston*
No. 345943
**JAMES A. GIBBS, Jr.**
v.
**KATHERINE A. MERRILL**
(March 18, 1953.)

*Keniston, C. J.* This is an action of contract brought under the Housing and Rent Act of 1947 as amended to recover damages for an *overcharge of rent*. The plaintiff's declaration alleges that the plaintiff was a tenant of the defendant of apartment

at 505 Shawmut Avenue, Boston, Massachusetts, from October 15, 1947 until March 1, 1952, during which period the plaintiff paid the defendant $30.00 a month as rent; that the premises were controlled under the provisions of the Housing and Rent Act of 1947 as amended; that a maximum rental of the premises had been fixed at $18.00 per month and that the defendant wilfully violated the provisions of section 205 of the Housing and Rent Act of 1947 as amended and more particularly Part 825 of the Rent Regulations under the Housing and Rent Act of 1947 as amended in that the defendant demanded, received and accepted from the plaintiff during the twelve months period next preceeding the date of the plaintiff's writ as rent twelve dollars a month in excess of the maximum rent prescribed by the Regulations and therefore owes the plaintiff $1,872.00, plus interest. reasonable attorney's fees and costs.

The defendant's answer is a general denial.

There was evidence that the plaintiff in October 1947 rented suite 1, 505 Shawmut Avenue, Boston, from the defendant, at a rental of $30.00 per month and continued as tenant until March 1, 1952 when he quit the premises. There was further evidence that the legal maximum rent, according to the records of the Housing Expediter's office as filed in the original statement of 1942 for this apparment was $25.00 and that on May 15, 1947 the Housing Expediter ordered the rental reduced from $25.00 to $18.00 because of the failure of the landlord to provide a stove, lights, electric wiring and hot water equipment. At the time this order was allegedly made the plaintiff was not the occupant of this apartment.

The defendant testified that she never received any notice from the Housing Expediter with respect to a request for a reduction in rent and knew nothing about the proceeding; that about May 15, 1947 she brought eviction proceedings against the tenant then occupying the apartment and had him evicted; that the tenant before eviction had so seriously damaged

the apartment that she was obliged to spend $500.00 to restore it to a decent and livable condition; that after restoring the apartment and before renting it to the plaintiff she requested permission from the Housing Expediter to charge a rental above the rental reported by her and that the representative of the Housing Expediter visited the apartment and upon her calling at the Housing Expediter's offce was informed by a representative of the Expediter that she could charge a rental of $30.00 per month. After this she rented the renovated apartment to the plaintiff.

The defendant further testified that with respect to the alleged reduction in rent she never received notice of the application for the same nor was she heard on the matter, nor notified of the same until the tenant tendered her $18.00 as a result of which she brought eviction proceedings and evicted him.

The records of the Housing Expediter indicated that a complaint had been filed on December 6, 1946 with respect to the condition of the apartment; that a notice was sent to the landlord on December 17, 1946; that on January 16, 1947 a notice of proceedings to reduce rent was sent to the defendant; that on February 11, 1947 the defendant received another notice of hearing; that on February 21, 1947 counsel for the defendant appeared at office of the Housing Expediter and that on May 15, 1947 the Housing Expediter ordered a reduction in rent.

The plaintiff seasonably filed two requests for rulings which with the court's action thereon are as follows:

1. On all the evidence the plaintiff is entitled to recover.
   "No."

2. The fact that the legal maximsm rent for suite 1, 505 Shawmut Avenue, was $18.00 per month and the defendant demanded, rectived and accepted $30.00 per month constituted an overcharge within the meaning of section 205 of the Housing and Rent Act of 1947, as amended.
   "No."

The court further found as follows: These are

not the facts. I find that in 1947 the Office of Rent Control reduced this ceiling without giving landlord legal notice of hearing. I further find that after defendant learned of action of Rent Control Office in reducing rent, she evicted tenant of apartment and spent $500.00 to make it suitable for occupancy. I find that at defendant's request a representative of the Rent Office examined apartment and informed her that she could thenceforth charge $30.00 per month I find that this authorizatiin was given before plaintiff rented apartment.

The court found for the defendant.

The plaintiff claims to be aggrieved by the denial of his two requests and by the special finding of the court.

We do not think on the evidence as set forth in the report that it can be ruled as a matter of law that the court was compelled to find for the plaintiff and that the court could not find for the defendant. The evidence was conflicting. The court was not required to believe the evidence offered by the plaintiff even though it was uncontradicted.

Lindenbaum v. New York, N.H. & H.R.R. 197 Mass. 314, 323; Ashapa v. Reed, 280 Mass. 514, 516; Lydon v. Boston Elevated Ry. 309 Mass. 205, 206; Perry v. Hanover, 314 Mass. 167, 170; Reardon Importing Co. v. Security Trust Co. 318 Mass. 304, 307; Godfrey v. Caswell, 321 Mass. 161, 163.

Even the evidence relating to the records of the Housing Expediter was not necessarily binding on the court. It does not appear from the report that the records were introduced in evidence or how the contents thereof were shown and even the records themselves had they been introduced were not necessarily conclusive but could have been found in the testimony of the defendant to be inaccurate and incomplete.

There was no error in the denial of the two requests.

Report dismissed.

Robert L. Levister, attorney for the plaintiff.

Victor C. Bynoe, attorney for the defendant.