ANNIE M. MACKINNON *vs.* CITY OF MEDFORD.

Middlesex.    January 5, 1953. — March 31, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Way*, Public: traveller, defect.  *Evidence*, Presumptions and burden of
   proof.

One seeking to recover from a municipality under G. L. (Ter. Ed.) c. 84,
   § 15, for injuries caused by a defect in a public way must prove that
   he was a traveller on the way.
At the trial of an action against a municipality under G. L. (Ter. Ed.)
   c. 84, § 15, for injuries sustained from a defect in a public way, it was
   error prejudicial to the defendant for the judge to charge upon testi-
   mony from the plaintiff's witnesses, uncontradicted but not binding
   on the defendant, that as matter of law the plaintiff was a traveller
   on the way.
A finding that a woman was a traveller on a public way within G. L.
   (Ter. Ed.) c. 84, §§ 1, 15, when she fell because of a hole in the side-
   walk would have been warranted by evidence that she stood on the
   sidewalk with companions facing and discussing a house which she
   contemplated buying and had just inspected, that after she had finished
   the discussion she "turned to go toward her automobile" parked in
   the street in front of the house, and that "as she turned, she started
   to step backwards" and fell when her "foot went into" the hole.

TORT.    Writ in the Superior Court dated July 15, 1947.
The case was tried before *Swift*, J.

*Vincent J. Celia*, Assistant City Solicitor, (*Mark E.
Gallagher, Jr.*, City Solicitor, with him,) for the defendant.

*Morris T. Silverstein*, (*Sydney S. Rosen* with him,) for the
plaintiff.

QUA, C.J.    The plaintiff alleged and introduced evidence
to show that on May 20, 1947, she fell and was injured by
reason of a hole in the sidewalk of Summit Road, a public
way of the defendant city.

The action is brought under G. L. (Ter. Ed.) c. 84, §§ 1
and 15.    These two sections have been read together to
require that in order to recover a plaintiff must prove that

he was a traveller upon the way. *Blodgett* v. *Boston*, 8 Allen, 237, 238–239. *Wershba* v. *Lynn*, 324 Mass. 327, 330. In the instant case, after a verdict for the plaintiff, the defendant's only exception is to a statement in the judge's charge that as matter of law the plaintiff was a traveller upon the way.

There was evidence that the plaintiff went with her two daughters in the plaintiff's automobile to No. 38 Summit Road and parked the automobile in front of the house there; that her purpose was to inspect the house with a view to buying it; and that after she and her companions had inspected the interior they went out to inspect the exterior and walked across the lawn and finally to the sidewalk, where they stopped and looked at the house. The record states that all the evidence as to the manner in which the accident occurred came from the plaintiff and witnesses called by her and was uncontradicted. In substance this evidence was that the plaintiff, her two daughters, and a real estate agent were standing on the sidewalk facing the house; that the plaintiff was discussing its possibilities and "planning out loud" what could be done to a side entrance; that after she had finished her discussion and inspection of the house she "turned to go toward her automobile; that as she turned, she started to step backwards, and her right foot went into" the hole, causing her to fall.

We do not see how on this evidence the judge could properly rule as matter of law that the plaintiff was a traveller on the way. The defendant "duly" and specifically excepted to this ruling. As has been said many times, it is seldom indeed that a ruling of law can be made that a party has sustained the burden of proof solely on oral evidence by which the opposing party is not bound. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452–453. *Hoffman* v. *Chelsea*, 315 Mass. 54, 56. *Reardon Importing Co.* v. *Security Trust Co.* 318 Mass. 304, 307. *Rappe* v. *Metropolitan Life Ins. Co.* 320 Mass. 376, 379. This remains true, even if the evidence is uncontradicted. *Barker* v. *Loring*, 177 Mass. 389, 390. *Fisher School* v. *Assessors of Boston*,

325 Mass. 529, 533–534, and cases cited. There is still the question of the credibility of the witnesses, which of course includes more than mere veracity. That question is for the jury. This case is no exception. The error was not cured by other parts of the charge.

There was, however, evidence for the jury that the plaintiff was a traveller. On her testimony the jury could have found that at least by the time she fell she had begun to use the street for a purpose having some relation to, travel. It is unnecessary to review the decided cases at length. Many of them are collected and analyzed in *Wershba* v. *Lynn*, 324 Mass. 327, 330–331. Perhaps the case most nearly resembling the present one is *Hunt* v. *Salem*, 121 Mass. 294. See also *Britton* v. *Cummington*, 107 Mass. 347; *Gulline* v. *Lowell*, 144 Mass. 491; *Bliss* v. *South Hadley*, 145 Mass. 91; and *Smethurst* v. *Barton Square Independent Congregational Church*, 148 Mass. 261, 266. Compare *Stickney* v. *Salem*, 3 Allen, 374.

*Exceptions sustained.*