*Northern District*

No. 4779

## HUGO BELBUSTI

v.

## CEASAR TOMAGNO, INC.

(October 15, 1954)

*Eno, J.* By this action of tort, with a declaration in two counts, the plaintiff seeks to recover for personal injuries suffered while he was a patron in the defendant's restaurant on May 12, 1952, by being knocked down or struck or pushed by one of the defendant's servants or agents.

The defendant's answer contains a general denial, and a plea of contributory negligence by the plaintiff and generally that the party involved was not an employee of the defendant, nor one for whose conduct it was legally responsible.

*The evidence most favorable to the plaintiff* was that on that date he bought a glass of beer in the defendant's restaurant, started to go to the men's room when a women who had been sitting at the bar, and whom he had previously seen there working, and seen her there quite frequently, put her arms around his neck and threw him down. He denied that he had previously touched her. As a result his left elbow struck the floor and later it began to swell and he was treated for his injuries.

There was testimony offered by the defendant that this woman had worked at this restaurant some six weeks before but was not working there at the time of the alleged assault, but was working at Telechron in Ashland. She had come to the restaurant to talk to the President and Manager of the defendant corporation for the purpose of obtaining part time employment. She was sitting at the bar when the plaintiff came up and put his arms around her and down on her chest. She pushed him away and he fell on the floor and she fell on top of him in the mix-up.

The trial judge denied the plaintiff's sole request for rulings:

"And the plaintiff request (sic) on all the evidence that he has sustained the burden of proving the defendant, its agents or servants, guilty of negligence, and specifies as follows:

The plaintiff wishes to point out the close similarity between this present case and a case decided by the Massachusetts Supreme Court, *Fortier v. Hibernian Association*, 315 Mass. 446. In that case the plaintiff was a business visitor lawfully on the premises and the court held that while the owner was not an insurer of the patron's safety, the owner owed a duty to keep the premises reasonably safe for her use.

The plaintiff respectfully request (sic) a finding in his favor on the basis of the evidence offered for him and the close similarity with the facts in the *Fortier v. Hibernian Association*, 315 Mass.

446, which was mentioned above. See also *Rawson v. Massachusetts Operating Co., Inc.,* 328 Mass. 220, and *McFadden v. Bancroft Hotel,* 313 Mass. 56."

The trial judge found among other things that:

"On all the evidence I find that Mrs. Constance Burke was not an employee of the defendant; that the defendant's bartender, who was in charge in the absence of Tomagno, had no intimation that Belbusti would start fooling with Mrs. Burke, if we are to believe the defendant's evidence, or that Mrs. Burke would grab Belbusti and throw him to the floor, if we are to believe the plaintiff's version of the way things happened.

On all of the evidence, I find no evidence of negligence on the part of the defendant or its servants or agents; nor do I find any evidence that the defendant was responsible for the acts of Mrs. Burke.

On all the evidence, I find that the plaintiff has not sustained the burden of proving the defendant, its agents or servants, guilty of negligence,"

and found for the defendant.

There was no error in the denial of the plaintiff's request for rulings.

As was said in *MacKinnon v. City of Medford,* 330 Mass. 70, 71 "it is seldom indeed that a ruling of law can be made that a party has sustained the burden of proof solely on oral evidence by which the opposing party is not bound. *McDonough v. Metropolitan Life Ins. Co.* 228 Mass. 450, 452-453. *Hoffman v. Chelsea,* 315 Mass. 54, 56. *Reardon Importing Co. v. Security Trust Co.* 318 Mass. 304, 307. *Rappe v. Metropolitan Life Ins. Co.* 320 Mass. 376, 379. This remains true, even if the evidence is uncontradicted. *Barker v. Loring,* 177 Mass. 389, 390. *Fisher School v. Assessors of Boston,* 325 Mass. 529, 533-534, and cases cited."

In the instant case the trial judge has found no evidence of negligence on the part of the defendant,

or its servants or agents, or that the defendant was responsible for the acts of the woman, and further found that the plaintiff had not sustained his burden of proof.

There being no prejudicial error the report is to be dismissed.

Francis C. McKenna, for the plaintiff.

Jerome C. Andrews, for the defendant.