*Northern District*

No. 4794

## THOMAS E. MURPHY
v.
## NORMAN E. LIVERMORE

(December 6, 1954)

*Eno, J.* This is an action of tort by which the plaintiff seeks to recover for property damages caused to his motor vehicle as a result of a collision with a motor vehicle operated by the defendant.

The answer is a general denial, plea of contributory negligence, illegal registration, violation of law, and a special demand for the proof of the public way.

At the trial (Clark, Lyman K.) there was evidence that the defendant was operating a chevrolet truck, on the eve of Thanksgiving, 1953, at about 5:15 p.m. on Route 2A, a state highway in Littleton. He turned into a curving driveway on the private property known as Flagg's Farm, used by the public for access to and exit from a roadside stand operated by said Farm. He was following another motor vehicle which had stopped in front of him and people were moving baskets to put in it. The motor of the defendant's truck and all lights on it were on. He had stopped in a northeasterly direction on this driveway running diagonally to said Route 2A, which contains three travel lanes at that point. The wheels of the truck

were off the hard surface of the highway, but the corner of the back body of the truck was projecting a little onto the highway. Next to the hard surface of the highway was a dirt shoulder and a row of maple trees close by the shoulder. The sides of the truck were about three feet high and painted gray.

The plaintiff was travelling westerly on the hard surface of said highway at about 25 miles per hour, following another car by about three car lengths. This car passed the truck but the plaintiff's motor vehicle came in contact with the rear corner of the defendant's truck, swerved to its left and then back on its right, and came to a stop about one hundred feet beyond the truck, which was not in motion at the time of the impact.

There was testimony from the plaintiff and his passenger that as they were walking back to the scene of the accident, they saw the defendant's truck moving further into the curved driveway and saw it stopped behind another vehicle; that the truck was entirely off the highway, both the hard surface and shoulder; that there was a small light on the stand to illuminate the fruit thereon.

There was further testimony from the defendant that there was also a light on the house; that he and his mother remained in the truck; and that it was not moved from the time he drove in to the stand behind the car ahead until after the plaintiff had walked back to and left the place of collision.

The report states that it contains all the evidence material to the questions reported.

The trial judge denied the plaintiff's request for ruling "4. The evidence warrants a finding that the defendant violated a provision of General Laws Ter. Ed. Chapter 85, Section 15."
because he found that "the truck had lights on in front and in the rear as required by chapter 85, section 15."

The plaintiff argues that the rear light on the truck was not visible to him on account of the

position of the defendant's truck on the highway. The defendant complied with the law, as the judge found, by having lights on the front and the rear of the truck, and, therefore, there was no error in the denial of that request.

The trial judge granted the plaintiff's request number "5. The evidence warrants a finding for the plaintiff" but he added "but I do not so find" and denied his request number "6. The evidence does not warrant a finding for the defendant," and found as a fact "that the temporary drive-in of the defendant to buy fruit and vegetable, leaving a corner of the truck extending somewhat over the hard surface of Route 2A, did not constitute illegal parking or negligence on the part of the defendant" and found for the defendant.

By his handling of plaintiff's requests 5 and 6 the trial judge has shown that he considered the question of the negligence of the defendant, that under the evidence he could have found for the plaintiff, but found no negligence on the part of the defendant.

We cannot say, therefore, that he was plainly wrong in denying this request.

His finding for the defendant imports a finding of all the facts, permissible in any view of the evidence, necessary to support that contention. *Adams v. Dick,* 226 Mass. 46, 52. Unless a finding for the plaintiff was required as a matter of law, this request could not properly have been given. *Milmore v. Landau,* 307 Mass. 589, 590; *Hoffman v. Chelsea,* 315 Mass. 54; *Blackburn, Inc. v. Livermore,* 317 Mass. 20, 22; *Hooper v. Kennedy,* 320 Mass. 576. And, as was said in *MacKinnon v. Medford,* 330 Mass. 70, 71 "it is seldom indeed that a ruling of law can be made that a party has sustained the burden of proof solely on oral evidence by which the opposing party is not bound. *McDonough v. Metropolitan Life Ins. Co.* 228 Mass. 450, 452-453. *Hoffman v. Chelsea,* 315 Mass. 54, 56. *Reardon Importing Co. v. Security Trust Co.,* 318 Mass. 304, 307. *Rappe*

*v. Met. Ins. Co.,* 320 Mass. 376, 379. This remains true, even if the evidence is uncontradicted. *Barker v. Loring,* 177 Mass. 389, 390. *Fisher School v. Assessors of Boston,* 325 Mass. 529, 533-534, and cases cited."

Since there was no prejudicial error in the denial of the plaintiff's requests for rulings (the others having been waived) the report is to be dismissed.

Carl A. Polack, for the plaintiff.

Charles N. Lerer, for the defendant.