FRANKLIN SQUARE HOUSE *vs.* CITY OF BOSTON.

Suffolk.    March 9, 1905. — June 21, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Tax.    Charity.*

A corporation organized under Pub. Sts. c. 115, "to provide a home for working girls at moderate cost," having no capital stock, and none of the income or profits of its business being divided among its members, can be found to be a charitable institution within the meaning of R. L. c. 12, § 5, cl. 3, and its property therefore to be exempt from taxation under that clause.

BARKER, J.  The petitioner is a corporation organized under Pub. St. c. 115, "to provide a home for working girls at moderate cost."  The petition is for the abatement of a tax assessed on the land and building of the corporation.  It was tried without a jury, and the presiding judge upon facts either agreed to by the parties or found by him at the hearing found and ruled that the petitioner was entitled to an abatement, and reported the case for our decision.  The tax was assessed as of May 1, 1903, and the question in the court below was whether the petitioner had shown that its property was exempt under the provisions of R. L. c. 12, § 5, cl. 3, concerning the property of literary, benevolent, charitable and scientific institutions.  The decision of the trial judge was that upon the facts stated in the report the petitioner's property was exempt.  The present question is whether it appears as matter of law that that decision was wrong.  See *New England Theosophical Co.* v. *Assessors of Boston,* 172 Mass. 60.

This court has often considered the meaning of the words "benevolent" and "benevolence." See *Saltonstall* v. *Sanders*, 11 Allen, 446, 465–471; *Rotch* v. *Emerson*, 105 Mass. 431; *Chamberlain* v. *Stearns*, 111 Mass. 267; *Suter* v. *Hilliard*, 132 Mass. 412; *Massachusetts Society for the Prevention of Cruelty to Animals* v. *Boston*, 142 Mass. 24; *Young Men's Protestant Temperance & Benevolent Society* v. *Fall River*, 160 Mass. 409; *New England Theosophical Co.* v. *Assessors of Boston*, *ubi supra*. It never has decided whether every benevolent institution, to be entitled to the exemption, must also be charitable. *Young Men's Protestant Temperance & Benevolent Society* v. *Fall River* and *New England Theosophical Co.* v. *Assessors of Boston*, *ubi supra*.

It is not necessary in the present case to decide that question if upon the facts stated in the report the purpose and work of the petitioner in furnishing a home for working girls at moderate cost fairly could be found by the court below to have been charitable.

In the present conditions of life there is a large class of young women who have no homes of their own, and who must work hard and suffer privation. Though not paupers, they are so poor as to make it a work of charity to provide for them a home. The individuals of the class change from day to day. They are sufficiently numerous and so a part of the public, and are so connected with it and with the public welfare as to give to the work of providing a home for any individuals comprised in the class that quality of indefiniteness in the persons helped, which with the charitable purpose aimed at makes a public charity in the legal sense. The work is entirely analogous to that of the "supportation, aid and help of young tradesmen [and] handicraftsmen," recognized in the statute of charitable uses as one species of a public charity. St. 43 Eliz. c. 4.

So far as the petitioner has allowed its property incidentally to be used to give temporary shelter to other women than those of the class to which its work is specially devoted, its operations are shown by the facts stated in the report to have had the qualities of charity in the legal sense, and do not militate against a finding that the petitioner has acted exclusively as a charitable society. It has no capital stock, and none of the income or profits of its business is or can be divided among members,

or is used or appropriated for other than literary, educational, benevolent, charitable, scientific or religious purposes.

The occupation of the property is that of the corporation itself, and not of those to whom it affords a home, just as the occupation of a college dormitory or refectory is that of the institution of learning rather than that of its students, and is for the exact purpose for which the petitioner was incorporated, rather than for the private purposes of the inmates of the home.

Upon the facts stated it cannot be said that the judge erred in law in finding and ruling that the petitioner was entitled to an abatement and to judgment in the sum stated in the report. See *Minns* v. *Billings,* 183 Mass. 126.

> *Judgment is to be entered for the petitioner in accordance with the report.*

*F. A. North, (J. P. Russell* with him,) for the petitioner.

*P. Nichols,* for the respondent.    .