JESSIE M. THORNTON *vs.* FRANKLIN SQUARE HOUSE.

Suffolk.    November 17, 1908. — January 6, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Charity.    Negligence.*

A corporation, organized under Pub. Sts. c. 115, without capital stock or stockholders, for the purpose of providing a home for working girls at moderate cost, which conducts such a home for working girls, furnishing board and lodging at cost and free medical attendance as well as the use of a library and, in the winter months, weekly entertainments and lectures without charge, whose officers serve without pecuniary compensation, and whose necessary disbursements required to maintain the institution cannot be met in full except by donations from those interested in its welfare, and are so met, is as matter of law a charitable corporation.

A charitable corporation is not liable for injuries caused by the negligence of its servants or agents properly selected.

TORT against the Franklin Square House, a corporation organized under Pub. Sts. c. 115, for personal injuries sustained by the plaintiff on February 9, 1904, by reason of the falling of a fire escape attached to the defendant's building, the plaintiff, who was lodging and boarding with the defendant for hire, having resorted to the fire escape when a part of the building was on fire.  Writ dated November 5, 1904.

At the trial in the Superior Court *Bond*, J., at the close of the evidence ordered a verdict for the defendant on the ground that it was a charitable corporation.  The plaintiff alleged exceptions.

*G. R. Swasey & E. M. Haynes*, for the plaintiff.

*E. K. Arnold*, (*J. P. Russell* with him,) for the defendant.

BRALEY, J.   In *Franklin Square House* v. *Boston*, 188 Mass. 409, it was held that the defendant could be found to be a charitable corporation and as such exempt from taxation.   The plaintiff in the present case puts her right of recovery upon the ground that the evidence now abundantly proves or the jury to whom the question should have been submitted could find that the defendant is not a charitable but a private corporation, and hence is liable to her in damages for the injury which she received.   The defendant was incorporated under the provisions of Pub. Sts. c. 115, without either capital or stockholders, for the purpose expressed in its charter " of providing a home for working girls at moderate cost."   In furtherance of this object the corporation was duly organized by the election of officers, who were to serve without pecuniary compensation, and by the adoption of by-laws, which defined their powers and duties.   The fund to buy the equity of the real estate, the equipment of the hospital department, and the furnishings of the two large and eleven small parlors were the gifts of friends.   The facts as to its humanitarian mission and the founding of the house, its financial resources and the scope of the defendant's management were all narrated by the clerk of the corporation, who was called as a witness by the plaintiff, and whose testimony remained uncontroverted.   It is established for an indefinite class of the general public, who oftentimes, by reason of low wages or limited means, are unable to provide themselves with sufficient sustenance and clothing, and concurrently to secure the comforts with the educational and ethical environment of a home devoted solely to their welfare.   In practical operation, as well as in design, working girls are afforded a homelike place in which to live, at prices for board, washing and lodging alone, as cheap, or cheaper, than they could be obtained by them under similar surroundings as to respectability and incentives to the proper conduct of life.   A matron and resident nurse, whom the defendant pays for their services, are in constant attendance, while free medical attendance is furnished by physicians who serve on the hospital staff without pay.   A library, with weekly entertainments, and lectures during the winter months also are provided.   To found, equip, maintain and contribute a home of this description for working girls,

where at an outlay within their means they can obtain for the bare cost shelter and maintenance, and also free of expense be provided with large opportunities for mental and moral improvement, and, if sick, with proper medical attendance, constitutes in law a public charity. *Massachusetts Society for the Prevention of Cruelty to Animals* v. *Boston*, 142 Mass. 24. *Sherman* v. *Congregational Home Missionary Society*, 176 Mass. 349. *Amory* v. *Attorney General*, 179 Mass. 89. *Minns* v. *Billings*, 183 Mass. 126. *Franklin Square House* v. *Boston*, 188 Mass. 409. *Farrigan* v. *Pevear*, 193 Mass. 147. If in any year the revenue derived from payments received from the inmates proves to be sufficient to pay for fuel, light, food, laundry and domestic service, these expenses form only a part of the necessary disbursements required to maintain the institution, which could not be met except by donations from those interested in its welfare. The primary purpose for the support of which the receipts from every source were appropriated remained unchanged, and there is an entire absence of the element of pecuniary gain in any form enuring to the benefit of the original corporators, or of their successors and associates. By receiving these payments, therefore, the essential character of the trust was not perverted, nor did it cease to be a charity and become a purely business enterprise conducted for private profit. *Powers* v. *Massachusetts Homeopathic Hospital*, 109 Fed. Rep. 294.

The plaintiff, while an inmate, was injured by the falling of a fire escape on the premises, but no evidence whatever appears as to the circumstances of the accident, or of any negligence of the defendant's servants or agents. If the injury was caused by the negligence of servants or agents properly selected, the defendant is not liable for their torts, for reasons discussed in the recent case of *Farrigan* v. *Pevear*, 193 Mass. 147, by which upon this question the present case must be governed. But, if regarded as arising from the neglect of those who administered or controlled the management of the trust, no testimony was offered to charge them with having failed in the performance of their duties. *McDonald* v. *Massachusetts General Hospital*, 120 Mass. 432, 436.

*Exceptions overruled.*