CHARLESBANK HOMES *vs.* CITY OF BOSTON.

Suffolk.    March 5, 1914. — May 22, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Charity.    Tax,* Exemption.    *Words,* "Occupied."

*It seems,* that a corporation, which has no capital stock and is not conducted for profit, no part of the income or profits of whose business can be distributed among members or stockholders, and the object of which is to provide wholesome and sanitary homes for working people and people of small means at moderate cost, is a charitable corporation within the meaning of St. 1909, c. 490, Part I, § 5, cl. 3.

Where a charitable corporation, whose corporate purpose is to provide wholesome and sanitary homes for working people and people of small means at moderate cost, erects on a lot of land belonging to it a large model apartment house, containing besides some general rooms one hundred and three apartments of two, three and four rooms respectively, and these apartments are leased to tenants for small rents, the net income being applied to the charitable purposes of the corporation, the real estate is not "occupied" by the corporation or its officers for the purposes for which it is incorporated within the meaning of St. 1909, c. 490, Part I, § 5, cl. 3, and consequently is not exempt from taxation.

CONTRACT, by Charlesbank Homes, a corporation organized under the provisions of R. L. c. 125, against the city of Boston to recover $2,965.12, the amount of a tax paid by the plaintiff under protest, which was assessed upon the plaintiff's land and building at the corner of Charles Street and Poplar Street in Boston for the year 1912.    Writ dated April 15, 1913.

In the Superior Court the case was submitted upon an agreed statement of facts to *Hardy,* J., who found for the plaintiff in the sum of $3,184.78, and ordered judgment accordingly.    From

the judgment entered in pursuance of this order the defendant appealed.

*K. Adams,* for the defendant.

*E. H. Ruby,* for the plaintiff.

SHELDON, J.   We do not doubt that the plaintiff is a charitable corporation within the meaning of St. 1909, c. 490, Part I, § 5, cl. 3.   It has no capital stock; it is not conducted for profit; no part of the income or profits of its business can be divided among members or stockholders.   Its object is to provide wholesome and sanitary homes for working people and people of small means at moderate cost.   Its charter sets out sufficiently the means by which it undertakes to accomplish that object.   It comes strictly within the rule of *Franklin Square House* v. *Boston,* 188 Mass. 409, and *Thornton* v. *Franklin Square House,* 200 Mass. 465.

But the real estate of a charitable corporation is not always exempt from taxation.   Unless purchased for the purpose of removal, which is not the case here, the real estate is so exempt only so far as it is occupied by the corporation or its officers for the purposes for which it was incorporated.   *St. James Educational Institute* v. *Salem,* 153 Mass. 185.   *Salem Lyceum* v. *Salem,* 154 Mass. 15.   *Williams College* v. *Williamstown,* 167 Mass. 505. See *Boston Lodge Order of Elks* v. *Boston,* 217 Mass. 176.   The real estate here in question consists of a lot of land, upon which the plaintiff has erected a large model apartment house, containing besides some general rooms one hundred and three apartments of two, three and four rooms respectively.   The apartments are leased to tenants for small rents.   The question is whether it can be said that the premises are occupied by the plaintiff within the meaning of that word as used in the statute, or whether the apartments must be held to be in the occupation of their several tenants.

These tenants are not mere lodgers, as was the case in *Franklin Square House* v. *Boston,* 188 Mass. 409.   The object of the corporation was to rent the apartments; it is rent that the tenants pay to the plaintiff.   They are strictly tenants; as such, they have an interest in the respective apartments let to them, and they are themselves the occupants thereof.   *Mathews* v. *Livingston,* 86 Conn. 263.   And see the note to this case in 31 Ann. Cas.

200. Their right to possession is exclusive, so long as they pay their rent and comply with the other terms of their leases. *Porter v. Merrill,* 124 Mass. 534.

But the plaintiff contends that the word "occupied" in the statute is not used in its natural sense, to import an actual occupation, but merely as a synonym of "used" or "appropriated." It would be hard in any event so to alter the meaning of this word, in view of the rule of construction laid down in R. L. c. 8, § 4, cl. 3. But the contention proceeds upon a misconception of the provisions of St. 1909, c. 490, Part I, § 5, cl. 3. That section first exempts from taxation the personal property of corporations like the plaintiff; then it exempts likewise their real estate, "owned and occupied by them or their officers for the purposes for which they are incorporated;" then it further provides, as a limitation of the two exemptions thus created, that there shall be no exemption of either real or personal property if any of the income or profits is "divided among the stockholders or members, or is used or appropriated for other than literary, educational, benevolent, charitable, scientific or religious purposes." It is with reference to the purpose of an occupation by the corporation or its officers and to the application made of its income that the purpose, the use, or the appropriation is material. But there must be an actual occupation by the corporation or its officers before the purpose of that occupation can be considered, and so are the decisions to which we have referred. Nor do the cases cited by the plaintiff support its contention. In *Mount Hermon Boys' School v. Gill,* 145 Mass. 139, the property which was held to be exempt was in the occupation of the plaintiff, and the question discussed by the court, so far as it bears upon this point, was as to the character of the use and the application made of the products. In *Massachusetts General Hospital v. Somerville,* 101 Mass. 319, the same was conceded to be true, except as to one house, and it was held that it could be found that this was occupied by an employee of the plaintiff in the character of a servant rather than a tenant of the plaintiff, so that all the property was occupied by that plaintiff. The question was not one of occupation, but of the intention of the plaintiff as affecting the character of the occupation. This is true also of *New England Hospital v. Boston,* 113 Mass. 518. The case of *Redemptorist Fathers v. Boston,* 129 Mass. 178,

decides that not only must there be a present occupation by the corporation or its officers, but that the occupation must be simultaneously for the charitable purposes of the corporation. The case of *Old South Association* v. *Boston,* 212 Mass. 299, has no bearing upon this point, because there a special act provided for the exemption of both land and meeting house so long as the latter was used for the purposes stated. In *Willamette University* v. *Knight,* 35 Ore. 33, it was held that land of an educational institution leased for agricultural purposes was not actually occupied for the educational purposes of the institution. The two cases last cited are authorities for our view.

That any net income realized from this property is to be applied to the charitable purposes of the plaintiff is not material. *Chapel of the Good Shepherd* v. *Boston,* 120 Mass. 212.

Because the real estate upon which the tax was imposed was not occupied by the plaintiff corporation, but was occupied by its tenants, it was not exempted from taxation. The judgment for the plaintiff must be reversed, and judgment must be entered for the defendant.

*So ordered.*