(No. 14137.—Decree affirmed.)
DAISY HART *et al.* Plaintiffs in Error, *vs.* JOHN L. TAYLOR *et al.* Defendants in Error.

*Opinion filed December 22, 1921—Rehearing denied Feb. 21, 1922.*

1. WILLS—*present gift to charity does not violate rule against perpetuities.*   The rule against perpetuities is for the purpose of preventing the creation of interests in real estate to take effect on the happening of remote contingencies, and as the rule does not apply to interests which are vested, a present gift to trustees for a charitable use does not violate the rule.

2. CHARITIES—*fact that trustees receive compensation does not defeat devise to charity.*   The provisions of a will making a gift to charity are not defeated by the fact that it is provided that the trustees of the charitable use shall receive fees and compensation for their services.

3. SAME—*charitable institution does not lose its charitable character because some are required to pay for its benefits.*   A charitable institution does not lose its charitable character by reason of the fact that those recipients of its benefits who are able to pay are required to do so, where no profit is made and the amounts received are applied in furthering its charitable purpose and its benefits are refused to none on account of inability to pay therefor.

4. SAME—*when gift to charity is sufficiently definite.*   A provision in a will for a gift of the residue and remainder of the es-

tate of the testatrix to trustees, with directions to convert it into money for purchasing a suitable site and the erecting of a hospital thereon in the village of Libertyville "for the use of the inhabitants of Libertyville and vicinity," is sufficiently definite to give a court of chancery authority to enforce the gift should it be denied by the trustees.

5. SAME—*a hospital is a charitable institution although patients who have means are required to pay.* Gifts for the purpose of establishing or maintaining hospitals for the benefit of the sick, injured, infirm, needy or other persons in unfortunate circumstances are gifts to charities, and a gift for such a purpose is not invalid as a charity because it does not impose poverty as a condition for admittance nor because the patients who have means are expected to contribute to its support and development.

STONE, C. J., CARTWRIGHT and DUNN, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding.

ELA, GROVER & MARCH, (JUSTIN K. ORVIS, and NATHAN E. UTT, of counsel,) for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, ALBERT D. RODENBERG, COOKE, POPE & POPE, and BENJAMIN H. MILLER, for defendants in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Elizabeth Condell died testate August 26, 1917, leaving plaintiffs in error her heirs-at-law. She directed the payment of her debts and the erection of a monument, and by the second clause gave a piece of real estate to Daisy Hart. By the third clause of her will she gave the residue of her estate, consisting of real and personal property, to three trustees, with directions that it be converted into money and the money used for purchasing a suitable site in the village of Libertyville and for erecting thereon a hospital, to be known as the Condell Memorial Hospital, "for the use of the inhabitants of Libertyville and vicinity, to which

hospital all licensed physicians shall have access for themselves or their patients." Plaintiffs in error filed a bill to set aside the will for the reason that it is void for uncertainty, that it violates the law respecting perpetuities, and that the provisions thereof do not create or apply to a public charity. A demurrer was sustained to the amended bill, and the court dismissed the suit for want of equity.

Plaintiffs in error contend that the bequest creates a perpetuity and that it is void unless it is to charity. In *Ingraham* v. *Ingraham,* 169 Ill. 432, we said: "The statute of 43 Elizabeth, chap. 4, known as the Statute of Charitable Uses, is in force in this State, and operates to exclude conveyances and devises for such uses from the operation of the rule against perpetuities." The rule against perpetuities forbids the creation of future interests in real estate which will not vest within a life or lives in being at the creation of the interest and twenty-one years thereafter. The rule has been established by judicial decisions, and its purpose is to prevent the creation of interests to take effect on the happening of remote contingencies. It does not apply to interests which are vested. (*Brown* v. *Brown,* 247 Ill. 528.) There is no contingent interest created by this will. It is a present gift of the property in question to trustees in trust, and if the gift is to charity it does not violate the rule against perpetuities. *Jansen* v. *Godair,* 292 Ill. 364.

The language of the will is sufficiently definite to create a trust; the subject of the trust is definite, being the residue and remainder of the estate of the testatrix; and the object of the trust is sufficiently definite, being the inhabitants of the village of Libertyville and vicinity. *Grand Lodge* v. *Board of Review,* 281 Ill. 480; *Trustees of New Castle Common* v. *Megginson,* (Del.) 77 Atl. 565.

Plaintiffs in error do not contend that the rule against perpetuities applies if this gift is for a charitable use, but they contend that a gift for a hospital is not a gift to a charity but to a private business enterprise. One reason assigned

to support their contention is that the will provides that the trustees shall receive fees and compensation for their services, but we have already held that this does not defeat the provisions of a will providing for a gift to charity. *Crerar* v. *Williams,* 145 Ill. 625.

It is next argued that the trustees may exclude all poor people and charge all patients and conduct it for profit if they so desire. An institution does not lose its charitable character by reason of the fact that those recipients of its benefits who are able to pay are required to do so, where no profit is made and the amounts received are applied in furthering its charitable purpose and its benefits are refused to none on account of inability to pay therefor. (*Congregational Publishing Society* v. *Board of Review,* 290 Ill. 108; *Northwestern University* v. *Wesley Hospital,* 290 id. 205; *Sisters of St. Francis* v. *Board of Review,* 231 id. 317; *Carter* v. *Whitcomb,* 74 N. H. 482, 69 Atl. 779.) There is nothing in the will to indicate that the hospital to be established is to be maintained for profit.

The will provides the hospital is for "the use of the inhabitants of the village of Libertyville and vicinity, to which hospital all licensed physicians shall have access for themselves or their patients." The argument of plaintiffs in error that all licensed physicians in the world and their patients may use the hospital is not sound. The will plainly says that the hospital is for the use of all licensed physicians in the village of Libertyville and vicinity, and for their patients residing in and near the village. The clear intent of the testatrix as expressed in her will is that all the inhabitants of the village of Libertyville and vicinity will have access to the hospital,—the rich and the poor alike,—and a court of chancery would have ample authority to enforce this intent if it were denied by the trustees. *Crerar* v. *Williams, supra.*

Gifts for the purpose of establishing or maintaining hospitals for the benefit of the sick, injured, infirm, needy or

other persons in unfortunate circumstances are recognized
by the courts as charitable. A gift for such a purpose is
not invalid as a charity because it does not impose poverty
as a condition for admittance or because the patients who
have means are expected to contribute to its support and
development. Sickness, pain and suffering are the heritage
of all. No man can be so rich or so circumstanced as to
be exempt from this condition. If so overtaken, is charity
to withhold its administrations because the stricken sufferer
may not be poor? Is the Samaritan to refuse to bind up
the wounds of the unconscious man on the wayside because
he may have means to pay a physician? Charity, whether
public or private, sees the need, or want, or affliction, or
suffering, and its first concern is to bring relief. The
question whether the recipient is able to pay is the merest
incident and of minor importance. The rich should not be
turned away because of their wealth nor the poor because
of their poverty. In *Buchanan* v. *Kennard,* 234 Mo. 117,
37 L. R. A. (N. S.) 993, 25 Ann. Cas. 50, the court held
that a bequest in trust for the purpose of erecting and
maintaining a hospital for sick and injured persons under
the auspices of the Methodist Episcopal church, under such
regulations as the trustees should from time to time estab-
lish and maintain, was a valid bequest to charity, and further
held that the argument that it was not restricted to the poor
was fallacious.

In *Thornton* v. *Franklin Square House,* 200 Mass. 465,
86 N. E. 909, the court was considering an institution es-
tablished for "providing a home for working girls at mod-
erate cost." In discussing whether this institution was a
public charity the court said: "It is established for an in-
definite class of the general public who oftentimes, by rea-
son of low wages or limited means, are unable to provide
themselves with sufficient sustenance and clothing, and con-
currently secure the comforts, with the educational and ethi-
cal environment, of a home devoted solely to their welfare.

In practical operation, as well as in design, working girls are afforded a homelike place in which to live, at prices for board, washing and lodging alone, as cheap, or cheaper, than they could be obtained by them under similar surroundings as to respectability and incentives to the proper conduct of life. A matron and resident nurse, whom it pays for their services, are in constant attendance, while free medical attendance is furnished by physicians who serve on the hospital staff without pay. A library, with weekly entertainments, and lectures during the winter months, are also provided. To found, equip, maintain and contribute a home of this description for working girls, where at an outlay within their means they can obtain for the bare cost shelter and maintenance, and also free of expense be provided with large opportunities for mental and moral improvement, and, if sick, with proper medical attendance, constitutes in law a public charity." The fact that this home might have been self-sustaining did not take it out of the class of charities.

In *In re MacDowell's will,* 217 N. Y. 454, 112 N. E. 177, the court was considering a bequest to trustees to be used to establish "a home for refined, educated, Protestant gentlewomen," and it was held that such a home was a public charity, and that it was not necessary to find that the inmates were to be paupers in order to so classify it. In 5 R. C. L. 334, the editors say under the subject "Charities:" "It is universally held that a gift of property for the establishment of a hospital is a valid charitable gift." To the same effect is the reasoning in *Dykeman* v. *Jenkines,* 179 Ind. 549, 101 N. E. 1013, and *Webster* v. *Wiggin,* 19 R. I. 73, 31 Atl. 824.

The only sound conclusion to be reached under the authorities is that the bequest under the third clause of testatrix's will was a valid present gift to charity.

*Decree affirmed.*

STONE, C. J., and CARTWRIGHT and DUNN, JJ., dissenting.