325 Mass. 748 (1950)
92 N.E.2d 579
WORCESTER COUNTY TRUST COMPANY, trustee,
vs.
GRAND KNIGHT OF THE KNIGHTS OF COLUMBUS & others.
Supreme Judicial Court of Massachusetts, Worcester.
September 27, 1949.
May 5, 1950.
Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.
A.T. Saunders & P.L. Hinckley, for Worcester County Trust Company, executor, and others, submitted a brief.
WILLIAMS, J.
This is a petition for instructions by the Worcester County Trust Company, trustee under two trusts created by instruments executed by the Reverend John F. Leonard on April 3, 1929. The petition was brought in the Probate Court for the county of Worcester and is here on reservation and report by the judge of probate after findings by him of material facts. G.L. (Ter. Ed.) c. 215, § 13.
The larger trust, hereafter referred to as Trust #1, with a fund of approximately $18,000 provided that the annual income, after payment of the expenses and fees of the trustee, should be expended as follows: "(5) To annually pay to such person, as the following persons acting as a committee shall designate to be the winner of a contest hereinafter provided for, ten-nineteenths (10/19ths) of the prior years net income of the Trust Fund; said committee to consist of: The Grand Knight of the Knights of Columbus of Massachusetts, The President of the Catholic Order of Foresters of Massachusetts, and the President of the Ancient Order of Hibernians of Massachusetts. Said committee shall be charged with arranging a contest annually in the month of May for the selection of a student of one of the Catholic Colleges of New England, who shall in the opinion of the judges thereof, make the best presentation of a self-composed essay or other self-composed literary composition in competition with other students of the *750 Catholic Colleges of New England. Such competition shall be open to the public upon payment of an admission fee and shall be held alternately in the following cities: Boston, Massachusetts, Providence, Rhode Island, Worcester, Massachusetts, Springfield, Massachusetts. The judge of such contest shall be either the Governor or Lieutenant Governor of Massachusetts, or a judge of the Superior Court of Massachusetts. The contestants in such contest shall be duly enrolled students at Boston College, Holy Cross College, Providence College, The Elms or such other Catholic College in New England as the committee in charge of the contest deem qualified to be represented. (6) To annually pay to such person as the following persons acting as a committee shall designate to be the winner of a contest hereinafter provided for, five-nineteenths (5/19ths) of the prior years net income of the Trust Fund; said committee to consist of: The President of the Ladies Auxiliary of the Ancient Order of Hibernians of the State of Massachusetts, President of the Daughters of Isabella of the State of Massachusetts and the President of the Ladies Auxiliary of the Catholic Order of Foresters in Massachusetts. Said committee shall be charged with arranging a contest annually in the first week of June for the selection of a student of one of the Catholic High Schools of the Springfield Diocese, who in the opinion of the judges thereof, makes the best presentation of a self-composed essay or other self-composed literary composition in competition with other students of the Catholic High Schools of said Diocese. Such competition shall be open to the public upon payment of an admission fee and shall be held annually in one of the principal cities of said Diocese. The judge of such contest shall be a judge of the Superior Court of Massachusetts. The contestants in such contest shall be duly enrolled students in the Catholic High Schools of the Springfield Diocese. (7) Out of the receipts from the admission fees of any such contest, provided for by the two preceding paragraphs, there shall first be paid the expenses thereof and the balance of such receipts shall be divided equally between *751 the Catholic Welfare Council and the Catholic Press, of Washington, D.C. In the event the expenses of any such contest exceed the proceeds thereof the Trustee may in its discretion reimburse the committee in charge of such contest the amount of such deficit, such reimbursement to be charged against the subsequent years income of the Trust. In the event that the contest is not held in any year, such income of the Trust shall be added to the principal thereof. As soon as practicable after any such contest the committee shall certify to the Trustee the name and address of the winner thereof; whereupon the Trustee shall mail to such name at the address given or shall deliver to the person named, its check for the portion of the income to which such winner is entitled. Such payment in accordance with the direction of the committee to be a full and complete discharge to the Trustee to the extent of such payment. It is the purpose of the Trustor, by such contest to encourage the literary and elocutionary efforts of students in the Catholic Colleges of New England and Catholic High Schools of the Springfield Diocese and to render to the winner of such contest financial assistance in continuing his scholastic course; however the Trustor imposes no restriction on the use of the award. The awards in the contests provided for by the two preceding paragraphs shall be known as `The Reverend John F. Leonard & Katherine E. Leonard Scholarship Awards.'"
The remaining four nineteenths of the annual net income of Trust #1 was to be paid in stipulated proportions to the treasurers of Holy Cross College, Saint Vincent's Hospital, St. Joseph's Seminary of Dunwoodie, New York, St. Michael's College of Toronto, Canada, The Elms College, Chicopee, Massachusetts, and Nicholette College of the Province of Quebec, for the purpose of providing annual dinners for the priests and sisters of those institutions.
The provisions of the instrument creating the smaller trust, with a fund of approximately $2,000, hereafter referred to as Trust #2, required the trustee: "(2) To devote the net income of the trust fund, after payment of the Trustee's *752 expenses and charges, in accordance with the direction of the Committee designated in the above mentioned trust instrument of even date [Trust #1 above], charged with the arranging of contests among the students of Parochial High Schools, said Committee to arrange annual written and oral contests on CHRISTIAN DOCTRINE among students of the seventh and eighth grades of the Parochial Grammar Schools of the Springfield Diocese, the details of such contests and the methods of determining the winners thereof to be in the sole charge and discretion of such Committee; payment of the net income in accordance with the directions of such Committee to be a full and complete discharge to the Trustee herein named."
The trustee seasonably gave notice to the persons named in the trusts charged with the duty of arranging the contests, and on October 21, 1930, paid the income required under Trust #1 for the various dinners to the appropriate organizations. No contests have ever been held and no part of the income under either trust apportioned for the awards has been paid. In September, 1945, the trustee again wrote to the persons charged with the duty of arranging the contests, enclosing copies of the trust instruments, but no action was taken by those persons as a result thereof. After the initial payment for the dinners in 1930, no payments were made for that purpose until 1945, at which time the entire accumulated income to be expended for dinners was paid to the named institutions. The total principal of the two trusts on June 29, 1948, amounted to $17,270 and the total accumulated income to $3,700.
The settlor died on May 10, 1929, testate, leaving Katherine E. Leonard as his sole beneficiary. She subsequently died intestate and an answer was filed in this suit by her administratrix, Katherine A. Kelley, alleging that the trusts have failed. The joint answer of Parochial High Schools and Parochial Grammar Schools of the Springfield Diocese, Saint Vincent Hospital and The Elms College alleges that the doctrine of cy pres should be applied if said trusts have failed. The answer of the Attorney General submits his *753 rights to the determination of the court. Appearances were entered for other respondents but no other answers were filed. Katherine A. Kelley individually and as administratrix of the estate of Katherine E. Leonard, and the Worcester County Trust Company as surviving executor of the will of Reverend John F. Leonard, filed a joint brief in which it is contended that the trusts have failed and that the funds should be returned to the estate of the settlor. No oral argument or brief was offered by any of the parties in support of the trusts. "This, in a case of a public charity, would ordinarily impose upon the court the duty of greater vigilance, to see that no change was made, either in the application of the charity or the management of the same, that would be unauthorized, having regard to the declared intentions of the donors." Harvard College v. Society for Promoting Theological Education, 3 Gray, 280, 281.
Whether considered educational or religious in nature, both trusts appear to be public charitable trusts. Sohier v. St. Paul's Church, 12 Met. 250, 258. Drury v. Natick, 10 Allen, 169, 179. Burbank v. Burbank, 152 Mass. 254, 256. Sears v. Attorney General, 193 Mass. 551. Richardson v. Essex Institute, 208 Mass. 311, 318. Chase v. Dickey, 212 Mass. 555, 566. The purpose of the settlor in establishing the trusts is expressly stated to be, "to encourage the literary and elocutionary efforts of students" in certain Catholic colleges and schools. Nothing in the language of the instruments of trust or in the findings of the judge tends to negative the existence on the part of the settlor of this expressed general charitable intent. Some evidence of such intent is found in the lack of any provision for a gift over in the event that the trusts should fail. Bragg v. Litchfield, 212 Mass. 148, 151. Milton v. Attorney General, 314 Mass. 234, 239. The class of persons to be benefited is sufficiently large and indefinite to make the gift of common and public benefit. American Academy of Arts & Sciences v. Harvard College, 12 Gray, 582, 594. Bartlett, petitioner, 163 Mass. 509, 514. Dexter v. Harvard College, 176 Mass. 192. Minns v. Billings, *754 183 Mass. 126. Sears v. Attorney General, 193 Mass. 551. Richardson v. Essex Institute, 208 Mass. 311. Judkins v. Hyannis Public Library Association, 302 Mass. 425. Ashmore v. Newman, 350 Ill. 64, 85. Scott on Trusts, §§ 375, 375.1.
The difficulty of administering the trusts, so far as conducting the contemplated contests is concerned, apparently arises from the complicated provisions for the mechanics of administration. The trustee has been unable to obtain the cooperation of the various agencies on which, under the terms of the trusts, it is obliged to rely. Equity "will presume that the donor would attach so much more importance to the object of the gift than to the mechanism by which he intended to accomplish it that he would prefer to alter the mechanism to the extent necessary to save the object." Briggs v. Merchants National Bank, 323 Mass. 261, 274-275. In our opinion the method by which the benefits under the trust were to be distributed was secondary in the mind of the settlor to the accomplishment of his dominant purpose. The amounts of principal and accumulated income now held by the trustee will produce an annual income sufficient to provide prizes which should be attractive to possible contestants. The trustee, under section 3 of Trust #1, may determine "whether any property coming into its hands as Trustee constitutes principal or income." By section 7 "In the event that the contest is not held in any year, such income of the Trust shall be added to the principal thereof." The trustee, therefore, may deal with the income accumulated to the present time as principal.
The trusts should not be allowed to fail. Trustees of the Putnam Free School v. Attorney General, 320 Mass. 94. Briggs v. Merchants National Bank, 323 Mass. 261. This is a proper case for the application of the doctrine of cy pres. The students for whose benefit the trusts were established attend colleges and schools maintained under the auspices of the Roman Catholic Church and a plan comparatively simple in operation may be framed whereby with the aid of the appropriate church authorities the objects of the *755 settlor, a former priest of the church, may be attained. The case is remanded to the Probate Court for the framing and settling of a scheme, either with or without the aid of a master, for the administration of these trusts cy pres. See Brookline v. Barnes, 324 Mass. 632. Costs are left to the discretion of the Probate Court.
So ordered.