M.I.T. Student House, Inc. *v.* Board of Assessors of Boston.

M.I.T. STUDENT HOUSE, INC. *vs.* BOARD OF ASSESSORS OF
BOSTON.

Suffolk.    March 10, 1966. — April 5, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Taxation,* Real estate tax: exemption.

The real estate of a corporation organized under G. L. c. 180 to assist
needy students of an educational institution by maintaining a "student
house" providing them with room and board at a cost lower than other-
wise available to them was exempt from local taxation under c. 59, § 5,
Third, where it appeared that the needy students living at the house,
who were not members of the corporation, as a group operated the house
and defrayed the operating expenses under a "cooperative living ar-
rangement" and paid the corporation for the use of the house.

APPEAL from a decision by the Appellate Tax Board.

*Richard J. Testa* (*Frederick D. Herberich* with him) for
the appellant.

*William H. Kerr* for the Board of Assessors of Boston.

SPIEGEL, J.    This is an appeal by the M.I.T. Student
House, Inc. (hereinafter called the corporation) from a de-
cision of the Appellate Tax Board sustaining an assessment
on the real estate of the corporation at 111 Bay State Road
for the year 1959.    The corporation asserts that it is a
charitable corporation and therefore entitled to an exemp-
tion by reason of G. L. c. 59, § 5.    The Appellate Tax
Board made "Findings of Fact and Report."

The facts do not appear to be in dispute.    The corpora-
tion was established under G. L. c. 180 for the following
purposes: "To help needy students, including those who
otherwise could not afford to attend, secure an education at
the Massachusetts Institute of Technology by providing the
facilities for and maintaining an M.I.T. Student House, or
M.I.T. Student Houses, which shall offer room and board
in clean healthful surroundings to said students at a cost
which is less than that otherwise available to them at said

Institute; to rent, lease, purchase, acquire, own, mortgage, operate, and maintain a house or houses for the dormitory and dining facilities and meetings of said Student House, or Student Houses; and to foster support by the alumni of said Institute to said Student House or Houses.''

The premises are occupied in strict conformity with the aims and purposes as set out in the corporation's charter and by-laws. Any person may become a member by payment of $50, but no part of the corporation's funds inures to the benefit of any member or officer of the corporation. The annual budget figure is set by the board of directors of the corporation, and is submitted to the students who live at the student house and who as a group are obligated to pay this figure to the corporation. The students have their own management system and ''do all of their own work except that they do hire a cook.'' Students who are to live at the student house are selected by an admission committee from a list of needy students supplied by the dean of student aid at M.I.T. The cost to the student is approximately $200 less than if he were to live in an M.I.T. dormitory. The Appellate Tax Board found ''that the dominant purpose and activity of the corporation is affording needy and deserving students a dormitory and boarding house.''

The sole issue before us is whether the corporation is exempt from taxation of its property under G. L. c. 59, § 5, Third, the pertinent portion of which provides and exempts ''Personal property of a charitable organization, which term, as used in this clause, shall mean . . ., a literary, benevolent, charitable or scientific institution . . . incorporated in the commonwealth, . . . and real estate owned by or held in trust for a charitable organization and occupied by it or its officers for the purposes for which it is organized . . ..''

The board of assessors contends that the corporation is not a ''literary, benevolent, charitable or scientific institution'' as those words are used in G. L. c. 59, § 5, Third, and relies on the case of *Phi Beta Epsilon Corp.* v. *Boston,*

182 Mass. 457, to support its position. In that case, the students were the active members of the corporation and received in return for their dues the use of a building for meetings, study, and living. Membership was not based on or limited to the needy students. We think the instant case is easily distinguishable. Here the corporation's members derive no material advantages from their membership. The corporation benefits only needy students and they are not members of the corporation. We have no doubt that to provide living quarters for needy persons is a charitable purpose. *Franklin Square House* v. *Boston,* 188 Mass. 409, 410. *Assessors of Everett* v. *Albert N. Parlin House, Inc.* 331 Mass. 359, 361–362. The class benefited (needy students at M.I.T.) is "so general and indefinite" that the purpose of the corporation may "be deemed of common and public benefit." *Sears* v. *Attorney Gen.* 193 Mass. 551, 553. *Worcester County Trust Co.* v. *Grand Knight of the Knights of Columbus,* 325 Mass. 748, 753.

The board of assessors also contends that the finding of the Appellate Tax Board that the "premises are occupied and utilized" by the corporation is "unsupported by substantial evidence" and that "this general finding is qualified and controlled by other findings of specific or subsidiary facts."[1] We do not agree.

Because the individual students participate in the management of the house and pay for the use of the house as a

---

[1] The following are the subsidiary facts referred to: "The annual budget figure is set by the board of directors of the corporation. This annual figure is submitted to the students who live at the student house who as a group are obligated to pay this figure to the corporation as rent. The corporation does not charge the students individually. . . . The students who reside at the appellant property at 111 Bay State Road, Boston, have their own management system. The students have a president, treasurer, secretary, chief steward, and other officers who conduct the affairs of the students at the House itself. The student treasurer collects and handles all the funds and in turn forwards the money to the corporation after he collects it from the students. The students buy their own groceries, pay their own fuel bills, and pay all their necessary minor day to day living and running expenses plus the added charge that the corporation collects from them for rent on a monthly basis. The students do all of their own work except that they do hire a cook. It is a cooperative living arrangement. They wait on the table and help the cook wash the pots and pans and other work that is required to keep a clean house. All luxuries, such as waiter service or bus boys or personnel to clean tables or empty ash trays, has been eliminated and this type of work is done by the students themselves."

group does not rebut the finding of the Appellate Tax Board that "[t]he premises are occupied and utilized by . . . [the corporation] only in strict conformity with the aims and purposes as set out in its charter and by-laws." Quite obviously, this "cooperative living arrangement" resulted in a reduced cost to the students and was in furtherance of the general charitable purpose. Although the students have a "cooperative living arrangement" the character of the premises is that of a "dormitory and boarding house." As was said in *Franklin Square House* v. *Boston,* 188 Mass. 409, 411, "[t]he occupation of the property is that of the corporation itself, and not of those to whom it affords a home, just as the occupation of a college dormitory or refectory is that of the institution of learning rather than that of its students." See *Springfield Young Men's Christian Assn.* v. *Assessors of Springfield,* 284 Mass. 1, 5; *Worcester Masonic Charity & Educ. Assn.* v. *Assessors of Worcester,* 326 Mass. 409, 411; *Assessors of Everett* v. *Albert N. Parlin House, Inc.* 331 Mass. 359, 363.

The decision of the Appellate Tax Board is reversed, and an abatement of the 1959 tax must be granted in the amount of $1,771 with interest and costs.

*So ordered.*