CASCO BAY FINANCE COMPANY, LLC *vs.* QUINCY MUTUAL FIRE INSURANCE COMPANY. No. 09-P-1158. August 16, 2010. *Insurance,* Business owner's policy, Fire. *Mortgage,* Insurance of mortgagee's interest. *Words,* "Real estate," "Rent."

The plaintiff, Casco Bay Finance Company, LLC (Casco Bay), brought this action seeking coverage under a business owner's policy issued by the defendant, Quincy Mutual Fire Insurance Company (Quincy Mutual), to Nick Pereira, the owner of a multi-unit rental property, and designating GreenPoint Mortgage Funding, Inc. (GreenPoint), as mortgagee. During the policy term, the property was severely damaged by fire, and all of the rental units became uninhabitable. GreenPoint subsequently transferred and assigned the mortgage and associated agreements to Casco Bay. As a result of Pereira's default on his mortgage loan, Casco Bay ultimately foreclosed and purchased the property; however, a large deficiency remained.

In this action, Casco Bay seeks to recover under the business owner's policy for lost rent that it became entitled to receive under the terms of an assignment of rent contained in a commercial loan rider executed by Pereira when he obtained his mortgage loan. A judge of the Superior Court allowed Quincy Mutual's motion to dismiss, and this appeal ensued.

There is no merit to Casco Bay's argument that the standard mortgage clause contained in the policy, and mandated by G. L. c. 175, § 99, Twelfth, confers coverage upon a mortgagee not only for physical damage to the insured premises, but also, in circumstances where the mortgagor has executed an assignment of rent to the mortgagee in the event of default, for loss of rent occasioned by fire at the premises. The mortgage clause states: "We will pay for covered loss of or damage to *real estate* to each mortgageholder shown in the Declarations, or in an attached schedule, in the order of precedence, as interests may appear." (Emphasis supplied.) The ordinary meaning and approved usage of the term "real estate" is "[l]and and anything permanently affixed to the land, such as buildings, fences, and those things attached to the buildings, such as light fixtures, plumbing and heating fixtures, or other such items which would be personal property if not attached." *Welch* v. *Sudbury Youth Soccer Assn.*, 453 Mass. 352 357 (2009), quoting from Black's Law

Dictionary 1263 (6th ed. 1990). The term "real estate" does not refer to rent, which "ordinarily means an amount paid for the use and occupation of premises." *Worcester Masonic Charity & Educ. Assn.* v. *Assessors of Worcester,* 326 Mass. 409, 412 (1950). See Black's Law Dictionary 1410 (9th ed. 2009) ("rent" defined as "[c]onsideration paid . . . for the use or occupation of property").[1]

Casco Bay's additional argument, that it is entitled to recover lost rent under the policy's coverage for loss of business income, is equally unavailing. That coverage, which is limited to actual loss of business income sustained by Pereira due to necessary suspension of his operations, was for the benefit of Pereira, and is not within the scope of the limited coverage afforded the mortgagee. To the extent that Casco Bay argues that Pereira's assignment of rents effectuated an assignment of his rights under the insurance policy to recover for loss of business income, that argument fails if only because the policy explicitly provides that the insured's "rights and duties under this policy may not be transferred without [the insurer's] written consent." There is no allegation that any such consent was obtained.

For these reasons, and for the reasons ably stated by the Superior Court judge in his thorough memorandum of decision, we affirm the judgment of dismissal.

*So ordered.*

*Robert H. Greene* for the plaintiff.
*Anna K. Bennett* for the defendant.

---

[1]Casco Bay's position is not enhanced by its reliance upon the definition of "real estate" in G. L. c. 4, § 7, Seventeenth. Because this argument was not made below, we need not consider it. In any event, that clause pertains to the value of a leasehold interest and not to rent paid by a tenant.